## A. T. ROSE v. FANNIE W. ENGLAND.

ESTATES OF DECEDENTS.—In a proceeding by heirs for the partition of the estate of their father, their claim for half the rents of community property appropriated by the father after the mother's death, and for half the proceeds of community property sold by him and also appropriated after the mother's death, cannot be regarded as against the rights of creditors. Such claims must be authenticated and established, like other claims against the estate, in the manner prescribed by statute.

APPEAL from McLennan. Tried below before the Hon. D. M. Prendergast.

Suit was brought by Fannie W. England and other appellees on the 15th of April, 1873, for partition of certain lands in which they and the estate of John A. Winn, deceased, were jointly interested.

The petition represented that petitioners were the children of John A. Winn and Eveline A. Winn, both of whom were dead; that the mother died in 1864 and the father in 1871; that at the time of the mother's death the property sought to be partitioned was community estate between the father and mother; that the father sold after the death of the mother two of the lots of land—one for $750 coin, the other for $1,476 coin; that the father had received the rents since 1864, and had never paid the rents or any part thereof to them; that he never paid to them any part of the money for which the lots were sold; they prayed for partition of the lots not sold, and that the administrator of the father's estate be required to account for the rents and for half the proceeds of the land sold by the father.

The administrator of John A. Winn and A. T. Rose, a creditor whose claim had been allowed and approved, appeared by demurrer and resisted the original petition, as to the prayer for a moneyed decree, on the ground that it was a claim for money, and should have been proven up, allowed, and confirmed by the court.

Before the trial appellees filed an amendment, alleging the insolvency of the estate of Winn and other matters not necessary to notice.

On a trial of the case a decree was made that the land should be sold for partition, and that the proceeds be divided between the estate of John A. Winn and petitioners as follows, to wit: Out of the proceeds of two certain lots, petitioners should be paid $250 coin, with eight per cent. interest from the 13th of May, 1869, and the proceeds of sale of the balance of the land to be equally divided between the estate of Winn and petitioners.

On the 10th of April, 1875, the case was reheard and a

decree entered setting aside the former order and decree, and causing a decree to be entered that the claim for rents by the petitioners from the death of their mother up to the death of their father, and for one-half of the land sold by the father after the death of the mother, amounting in the aggregate to the sum of $2,325, was a special charge upon the interest of the estate of Winn on the community lands in the hands of the administrator; that the said sum was to be paid by the administrator out of the general assets of the estate, if it was solvent; otherwise it was to be a preferred claim, so far as the proceeds of the sale of the community lands were concerned, and to be paid out of that fund in preference to all other claims.

From this decree Rose appealed.

*Walton, Green & Hill* and *Sleeper, Jones & Kendall,* for appellant.

I. Under the laws of the State of Texas, every claim for money against a deceased person's estate must be sworn to and presented to the administrator for allowance or rejection. (Paschal's Dig., art. 5650.)

II. If a tenant in common has a lien on the interest of his co-tenant for his part of the money arising from a sale of a part of the land by the co-tenant, such lien must be proved up and allowed by the administrator of such co-tenant, in the same manner as if there had been an express lien given by the co-tenant to secure his associate in interest for his part of the purchase-money for the land sold. (Graham *v.* Vining, 1 Tex., 639; Danzey *v.* Swinney, 7 Tex., 625; Robertson *v.* Paul, 16 Tex., 475.)

*S. H. Renick,* for appellees.—It is insisted as a legal proposition, and the only one involved in this cause, that proceedings for partition, under the statute, are entirely distinct from proceedings to collect debts. (Paschal's Dig., arts. 5605–5611, 5644.)

The statute regulating partition authorizes the court to make partition, and the jurisdiction extends to a settlement of all matters between part owners and others, just as if deceased were in court defending the application for partition.

The statute requiring no affidavit by the part owner seeking partition, none is required. There is no pretense that the judgment is erroneous upon the statement of facts, or that any one has suffered the smallest injustice by it. The only point contended for is, that a money demand ought to have been made out and presented to the administrator. This was not required by the statute, and so was not necessary.

Gould, Associate Justice.—Our opinion is, that the claim of plaintiffs against the estate of their deceased father, John A. Winn, for one-half of the rents of certain community property during the interval between the death of their mother and father, and their claim for one-half the proceeds of a certain community lot sold by their father during this interval, were claims for money, and, like other claims against estates, should have been authenticated and established as prescribed by the statute. The statute under which the proceedings for partition were instituted, contains no provision exempting such claims for money from the operation of the rules regulating other claims.

This seems to be the main question intended to be presented, and is the only one alluded to in the brief of appellees. The brief of appellant presents a further question, outside of the assignment of errors, growing out of the fact that the decree appealed from was made after a final decree of partition had been made at a preceding term, claiming that it was not competent for the court to thus set aside a former decree.

There being no assignment of error embracing this point, and the record containing but a very meagre and unsatisfactory history of the circumstances under which the court finally

acted, and further, the brief of appellant containing no reference to authorities, we decline to pass upon the question.

The assignment of errors presents the further question of the existence of a lien on the community estate in favor of plaintiffs for their half of the rents and proceeds of sale of community property by their father. This question is, however, entirely pretermitted in the brief of counsel. Under the circumstances, we only notice it, lest it should be inferred from our silence that we sanction the claim of such a lien as against a creditor of the estate. This we certainly are not prepared to do.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.