## JOSEPH KEENER V. DUFF MOSS ET AL.

<div style="float:right">66 181<br>92 684</div>

### (Case No. 5827.)

1. PARTITION—COMMISSIONERS—STATUTES CONSTRUED—RENTS—COSTS—Plaintiff instituted proceedings against R. and K. for partition of a certain lot, and prayed that K. be required to account for plaintiff's share of the rents and profits. R. answered admitting and adopting the allegations of the petition, and alleging that the property was not susceptible of partition, and asked that it be sold and the proceeds be divided between all parties. At the first term of the court, K. having made default, it was decreed that the lot be sold and the proceeds divided among all parties to the suit. *Held:*

(1) The court could not order a sale of the lot until commissioners had reported that a fair and equitable division could not be made. (R. S., art. 3479.)

(2) K. had the right to file objections to their report; the statute intended such objections to be filed after the report was returned, and the action of the court deprived K. of his right. (R. S., art. 3480.)

(3) Judgment could not be rendered against K. for rents to accrue after the judgment, and down to its final execution.

(4) Judgment could not be rendered against K. for costs accruing down to the entry of the decree fixing the interests of the parties, unless it appeared that he was contesting the rights of the other parties. (Johns *v.* Northcutt, 49 Tex., 444.)

ERROR from Hays. Tried below before the Hon. H. Teichmueller.

The defendant in error, Duff Moss, by his next friend A. E. Habicht, on July 12, 1884, instituted suit in the district court of Hays county against G. C. Reed and Laura M. Reed, his wife; M. O'Brien and the plaintiff in error, Joseph Keener, for partition, under the statute, of a certain lot with improvements thereon, in the city of Fort Worth, in Tarrant county, Texas.

Plaintiff below alleged in substance that the lot was part of the community estate of Thos. J. and Sarah N. Moss on and prior to November 1, 1881, that at that date Sarah N. Moss died, leaving Thos. J. Moss, her husband, and two children, the plaintiff, Duff Moss, and Laura M. Reed, surviving her; that on November 9, 1881, Thos. J. Moss sold and conveyed his interest to S. Smith, who, on or about November 10, 1881, sold and conveyed the same interest to M. O'Brien,

who sold and conveyed the same one-half undivided interest to Joseph Keener; that plaintiff was, after November 1, 1881, the legal and equitable owner of a one-fourth undivided interest in the lot and improvements; and that Laura M. Reed was entitled to another one-fourth undivided interest, and that Joseph Keener was entitled in like manner to a one-half interest.

Plaintiff asked that O'Brien be required to account for one-fourth of the rents and profits realized by him on the property from November 10, 1881, to April 5, 1884, which he valued at $30 per month, and which he had failed and refused to account to plaintiff for; and also asked for similar relief against Jos. Keener for rents and profits of like value accruing from April 5, 1884, to the filing of suit.

Prayer was made for process, for judgment for plaintiff's interest, for appointment of commissioners to partition the property, and also for judgment against O'Brien and against Keener for one-fourth of the rents and profits, for costs, and for general and special relief.

No process was issued in the case until July 21, 1885, when process of citation was issued to Tarrant county, for Joseph Keener and M. O'Brien.

G. C. Reed and his wife Laura M., on July 4, 1884, waived issuance and service of citations. Service was had on Jos. Keener on July 28, 1885. At the September term, 1885, G. C. Reed and Laura M. Reed by answer admitted the allegations of plaintiff's petition, and adopted the same as their own, and alleged that the property in controversy was not susceptible of partition in kind, and asked that at the first hearing of the cause, Laura M. Reed recover her interest in the property and her portion of rents and profits, and that the property be sold, and that the clerk be directed to partition the proceeds of such sale to the parties entitled, according to their respective interests.

At that term of the court the cause was dismissed as to M. O'Brien, Jos. Keener having made default, and a decree entered upon a submission of the law and facts to the court, declaring the interest of the other parties, to wit: that the plaintiff, Duff Moss, was entitled to one-fourth undivided interest in the property, Laura M. Reed to a like quantity, and Joseph Keener to a one-half interest, vested and divested title in the shares respectively; ordered a sale of the property for purposes of partition, and directed a division of proceeds of sale by the clerk of the court, according to the respective interests. Judgment was also rendered in favor of Duff Moss and Laura M. Reed, each, against Joseph Keener for the sum of $93.75, rents and profits from the date of the decree until its execution, at the rate of $12.50 per month, to be divided equally between Moss and Reed, and awarded

execution therefor, and further directed that such rents be satisfied out of the proceeds of the sale. The decree also adjudged all costs against Keener up to the rendition of the decree, except costs of making M. O'Brien a party, costs after that time being adjudged ratably.

*Hutchison & Rose,* for plaintiff in error, on the failure to appoint commissioners, cited: Boles *v.* Linthicum, 48 Tex., 220; Hall *v.* Jackson, 3 Tex. 305.

On the question of rents, they cited: Woods' Mayne on Dam., sec. 103, and note 2, 1 Am. ed.

On citation, they cited: R. S., arts. 1215, 4528; Roberts *v.* Stockslager, 4 Tex., 307; Graves *v.* Robertson, 22 Tex., 130.

*Wood, Fisher & Ford,* for defendants in error, on citation cited: R. S., art. 1216; Pipkin *v.* Kaufman, 62 Tex., 548; Hall *v.* Jackson, 3 Tex., 309; Thomas *v.* Womack, 13 Tex., 581.

As to the necessity of appointing commissioners, they cited: R. S., art. 3490; Grassmeyer *v.* Beeson, 18 Tex., 765, 766; Thompson *v.* Cragg, 24 Tex., 597; Thompson *v.* Hardman, 6 Johns. Ch., 436; Haywood *v.* Judson, 4 Barb., 228; Hall *v.* Jackson, 3 Tex., 305; Sharp *v.* Schmidt, 62 Tex., 265; Freeman on Judg., 111, 502, 503, 538.

WILLIE, CHIEF JUSTICE—The decree rendered in this cause recites that it appeared from the pleadings and evidence that the property sought to be partitioned was not susceptible of division amongst those entitled to distributive interests therein, and for that reason the court ordered a sale of the property, and a distribution of the proceeds of sale among the several part owners thereof. There was no appointment of commissioners to make partition of the property as required by statute. R. S., art. 3469.

This proceeding is statutory, and the judgment for a sale of the land sought to be partitioned is authorized only in the event that the commissioners report to the court that a fair and equitable division of the real estate to be divided, or some part thereof, cannot be made. R. S., art. 3479.

The statute guarantees to each party interested in the proceeding, the right to file objections to this report of the commissioners, and to have the issue as to its correctnesss tried as in other cases. R. S., art. 3480.

Of this right the appellant was deprived in this case, as no report was made. It is no answer to this to say that he could have made his objections to a sale of the land for partition upon trial of the cause.

That is not the time at which the statute said he must make them, and he was entitled to all the indulgence, in this respect, allowed by the statute.

The statute not intending that these objections should be made before the commissioners' report was returned into court, and as this could not be done until a decree fixing the rights of the parties had been entered, he was not bound to appear before the entry of the decree, if he had no objection to the interest of the parties being fixed in accordance with the prayers of his adversaries. He might have been willing that the plaintiff and his co-defendants should recover the amounts of land claimed by them, and yet not willing that the whole lot should be sold for partition. If so, the proper time for him to object to an order of sale was when it should be recommended in the report of the commissioners. Admitting that the answer of L. M. and G. C. Reed notified him that they would ask judgment for a sale of the land for the purposes of partition, which we do not decide, it did not give him notice that this judgment would be asked out of due order, and without a compliance with the requirements of the statute; on the contrary, that answer must be taken as averring a fact which would be found to be true by the report of commissioners, and as asking judgment accordingly. This being consistent with the allegations and prayer of the answer, the appellant was not bound to presume that something not authorized by statute would be sought upon the trial, had for the purpose of establishing the respective interests of the parties in the land.

But, in any event, it is clear that the necessary steps to obtain a sale of the land, for the purpose of partition, have not been taken, and for this reason the judgment below is erroneous and must be reversed. Tieman v. Baker, 63 Tex., 641. As the cause will be remanded, it is proper to say that judgment was erroneously rendered against the appellant for rents to accrue after the judgment and down to its final execution. It needs no citation of authorities to show that a judgment cannot be rendered in advance for a debt not yet existing, and which may never accrue, or which, upon the happening of a contingency, may be for a different amount from that for which it is rendered.

Neither should the court render judgment against the appellant for the costs accruing down to the entry of the decree fixing the interests of the parties in the land, unless it appears, by allegation and proof, that he is contesting the rights of the plaintiffs and other defendants in this suit. There is no allegation to that effect in any of the pleadings found in the record. Johns v. Northcutt, 49 Tex., 444.

In view of the manner in which the case is disposed of, it becomes

unnecessary to consider the question as to the validity of the process served upon the appellant. Had he appeared, and upon his motion the citation been quashed, the only result would have been that the cause would have been continued to the next term of the court, and he would have been treated as appearing at that term. R. S., art. 1243. This cause cannot, in any event, be called for trial until a term of the district court succeeding the one at which the motion to quash was filed by the appellant. He will then be properly and legally in court, and the cause can proceed as if no objection had ever been made to the process. Railway Company v. Brett, 61 Tex., 483.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 4, 1886.]