### J. M. Powell, Guardian, v. W. H. Naylor et al.

Decided April 29, 1903.

**1.—Homestead—Removal From.**

Where a widow for the convenience of herself and family removed from her homestead to the Indian Territory, but did not acquire a homestead there, and the homestead continued to contribute to the support of the family, the homestead right was not lost.

**2.—Same—Homestead Right of Minor and Guardian—Partition.**

The homestead right of a minor child, after the death of both parents, is by the Constitution made to depend upon the action of the probate court in granting permission for the minor and his guardian to occupy the property as a homestead, and failing such permission, the homestead is subject to partition among the heirs or owners. Const., art. 16, sec. 52.

**3.—Same.**

The failure of the appointed guardian to ask permission of the court to use and occupy the homestead for his ward, or the failure or refusal of the court to grant such order, can form no ground for a refusal to partition the land.

**4.—Same—Order of Court.**

Where the guardian filed an inventory of the minor's property in which it was stated that the ward had the right of use and occupancy of the land during minority, the probate court's approval of such inventory could not take the place of the order contemplated by the Constitution.

**5.—Partition—Costs.**

The defendants in a partition suit are liable for all costs incurred by them in contesting the rights of the successful plaintiffs.

Appeal from the District Court of Fannin. Tried below before Hon. Ben. H. Denton.

*Taylor & McGrady,* for appellant.

*Gross & Gross,* for appellees.

FLY, Associate Justice.—This is an action in trespass to try title to, and for partition of, certain lands situated in Fannin County, instituted by appellees against J. M. Powell and wife; Jcsie Naylor, a minor, J. M. Powell being her guardian; W. J. Pirtle and Will Lick. A trial by jury resulted in a verdict for appellees for five-sevenths of the land, for $135 against J. M. Powell, being five-sevenths of rents

collected by him, and in favor of Pirtle and Lick on their rental contract for 1902. The court rendered judgment setting aside to each of the appellees and to Lydia Powell and Josie Naylor each one-seventh of the land, and appointed commissioners to partition it, and decreed that Pirtle and Lick hold possession of the premises for the year 1902.

It was established by the uncontradicted evidence that each of the appellees, and Lydia Powell and Josie Naylor, was entitled to one-seventh of the land in controversy, and that the land was subject to partition. It also appears that Pirtle and Lick had a rental contract for the land for the year 1902.

It is claimed by the guardian that the land was the homestead of his ward, and therefore not subject to partition. The evidence established that the place had been the homestead of David Naylor and Martha Naylor, deceased, who were the parents of the parties to whom the land was allotted. After the death of David Naylor, his widow, Martha Naylor, resided with her minor children on the land as her homestead; and so continued to reside until the latter part of 1898, when she moved with her unmarried children to the Indian Territory. She did not acquire another homestead. After residing there for a few weeks, Martha Naylor died, leaving, among other children, Josie Naylor, a minor, who is unmarried. J. M. Powell was appointed guardian of her person and estate. She and her guardian have not lived on the land since her mother's death, but it has been rented.

It was in evidence that Martha Naylor moved to the Indian Territory for the convenience and comfort of herself and family, but that the farm contributed to the support of the family. The homestead right was not lost by such removal. Foreman v. Moroney, 62 Texas, 723; Hall v. Fields, 81 Texas, 553.

In October, 1900, J. M. Powell was appointed guardian of the estate of the minor, Josie Naylor, and no order of the probate court has ever been made permitting the guardian to use and occupy the homestead.

It is provided in article 16, section 52, of the State Constitution that on the death of the husband or wife, or both, the homestead shall descend as any other real property, "but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same." Under that provision a homestead is secured to the surviving husband or wife, free from partition, during life or so long as the survivor may choose to use or occupy the same as a homestead. The right of the survivor to the homestead is secured independent of any action of a court and depends only upon the use or occupancy of the land. The case is different, however, with the minor child whose right to the homestead is contingent upon the order of a court of competent jurisdiction giving permission to the guardian of the minor to use and occupy it as such. As said in Osborn v.

Osborn, 76 Texas, 494: "After the death of both parents, the use and occupation of the homestead by the minor children, to protect it from partition at the suit of other tenants in common, must be through the agency of a guardian under authority and by permission of an order of the probate court having jurisdiction."

Under the terms of the Constitution the surviving husband or wife can hold the homestead free from partition by either use or occupancy, but the minor must, through his or her guardian, obtain permission from the county court to use and occupy the land, and without such an order the homestead is not established, and it may be partitioned at the instance of anyone owning a part of it.

The case of Gaines v. Gaines, 4 Texas Civ App., 408, 23 S. W. Rep., 465, decided by the Court of Civil Appeals of the Third Supreme Judicial District, is strikingly similar to the case under consideration. In that case it was said: "The Constitution, in order to defeat a partition of the homestead among the heirs upon whom descent is cast, when neither of the parents survive, requires that it shall be set aside, by an order of a proper court having jurisdiction, to the guardian of the minor children, for use and occupancy. * * * The minor or his guardian has no possessory right in the old homestead by virtue of the fact that it was once the homestead, but the right of possession as the homestead of the minor can only be acquired when it is based upon an order of court designating the property for such purpose."

Cases might arise in which the guardian might not desire to use and occupy the homestead, or it might be deemed unnecessary by the court to order the homestead to be used and occupied by the guardian or minor, and in such cases the homestead right in the minor would not be created. The creation of the homestead right in the minor whose parents are dead depends absolutely upon the order of the probate court permitting it to be so used and occupied by the guardian, and where it fails from any cause to so order, the land is open to partition. Ashe v. Yungst, 65 Texas, 637. It was held in the case of Osborn v. Osborn, above cited, that where no guardian had been appointed for the minor, proceedings in partition of the homestead should be arrested until the county court could appoint a guardian and determine whether or not he should be permitted to occupy and use it for his ward. That course is upheld on the ground that the minor has not been able by reason of his disability to protect his rights. When a guardian has been appointed, the failure of the guardian to ask the permission of the court to use and occupy the homestead for his ward, or the failure or refusal of the court to grant such order, can form no ground for a refusal to partition the land.

The inventory of the property of the minor, filed by the guardian in the county court, had no bearing upon any issue before the court, and it was not error to exclude it from the jury. The approval of the inventory, in which it was stated that the ward had the right of use and

occupancy of the land during minority, could not take the place of the order contemplated by the Constitution.

Complaint is made because all the costs, excluding those for partition, were taxed against the defendants, but the complaint is without merit. It is the rule, in partition suits, that defendants are liable for all costs incurred by them in contesting the rights of successful plaintiffs. Johns v. Northcutt, 49 Texas, 444; Keener v. Moss, 66 Texas, 181; Askey v. Williams, 74 Texas, 294.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.