## MANNING v. DAVIS et al.   (No. 2822.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1923. Rehearing Denied Dec. 13, 1923.)

1. **Partition ⬥46(1)—Husbands of daughters not surviving parents were not necessary parties to suit to partition community lands.**

Where parents owning certain community lands died and the children of their deceased daughters bring suit to partition against their son, the surviving husbands of the daughters were not necessary parties to the suit in the absence of proof that the daughters died after their parents, vesting a life interest in their husbands.

2. **Curtesy ⬥9(1)—Husbands of daughters of owners of community property took no interest in the property if the daughters predeceased their parents.**

Husbands of deceased daughters of parents owning community lands acquired no interest therein if the daughters predeceased their parents.

3. **Partition ⬥89 — Defendant must prove amount of funeral expenses and payment of doctor bills, after death of parents, to have claims considered.**

Where parents owning certain community lands died and suit to partition the land was brought by children of deceased daughters against the son, the son's claim for expendi-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tures for doctor bills, funeral expenses, etc., of his parents could not be allowed in the absence of proof of the amount of funeral expenses and that the doctor bills were paid after the father's death.

**4. Partition ⬚=114(3)—Parties must pay costs of suit to partition entire tract, in proportion to amount each received.**

In a suit to partition an entire tract of land owned by the parties in common, the parties must pay costs of suit in proportion to the share they each received.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Ella Davis and others against Connie Manning. Judgment for plaintiffs, and defendant appeals. Affirmed.

This was a suit to partition a tract of land which belonged to the community estate between Gabe Manning and his wife, Harriet, when he died in 1903. Appellees, children of deceased children of the Mannings, were the plaintiffs; -and appellant, son of the Mannings, was the defendant. Appellees alleged that appellant owned an interest of five-eighths, undivided, in the land, and that they, as heirs of the Mannings, owned the remaining three-eighths interest, undivided. Appellant claimed to own a three-fourths interest, undivided, in the land by purchase, and a one-fourth interest, undivided, in the remaining one-fourth thereof as an heir of the Mannings, and he also claimed that he had paid taxes on the land and doctor's bills and funeral expenses of Gabe and also of Harriet (who died in 1920, after she had conveyed her one-half interest, undivided, in the land to appellant), which were a charge against the one-fourth interest, undivided, owned by him and appellees jointly, and which, he insisted, should be taken into account in the partition. The appeal is from a judgment determining that appellant was not entitled to any relief on account of· taxes, doctor's bills, and funeral expenses he claimed he had paid, and that he owned a five-eighths and appellees a three-eighths interest, undivided, in the land, and partitioning it accordingly.

Y. D. Harrison, of Marshall, for appellant.

Huffman & Huffman, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] One of the three daughters of Gabe and Harriet Manning married a man named Long, and another one of them married a man named Johnson. It appearing from testimony heard at the trial that both Long and Johnson survived their wives and were then alive, appellant, insisting they were necessary parties to the suit, moved the court to stop and then postpone the trial of the case until they were made parties.

The contention that the court erred when he refused to sustain the motion is on the theory that Long and Johnson, on the death of their respective wives, each respectively took an estate for life in an interest it is assumed his wife owned in the land. Appellant has not referred us to ·and we have not found anything in the record showing when said daughters died. If they died before Gabe and Harriet died, they of course never owned an interest in the land as Gabe's or Harriet's heirs, and it was not pretended that they owned an interest in any other way. As, therefore, it did not appear that Long and Johnson owned an interest in the land, the trial court did not err when he overruled the motion.

[3] Testifying as a witness in his own behalf, appellant said he paid doctor's bills and funeral expenses of his father amounting to more than $300. He further testified that he paid taxes assessed against the land, but did not say, and it did not otherwise appear, what the taxes he paid amounted to. The trial court did not make and file findings in the way authorized by the statute (article 1989, Vernon's Sayles' Ann. Civ. Statutes), but it appears from a recital in the judgment that he found that appellant's claim on account of doctor's bills and funeral expenses paid for Gabe Manning was barred by the statute of limitations. It is insisted that the statute did not run against such claim, and we are inclined to think it appeared it did not, so far as it was for funeral expenses. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; 36 Cyc. 241. But it did not appear from the testimony before the court how much of the sum paid by appellant on account of his father was for doctor's bills, nor how much thereof was for funeral expenses. And it did not appear from the testimony when the doctor's bills were paid. If they were paid during the father's lifetime, appellant was not entitled to have them taken into consideration in the petition. Johnson v. Johnson (Tex. Civ. App.) 191 S. W. 366. In the absence of testimony showing ·the amount of the father's funeral expenses paid by appellant, the court could not render judgment therefor. It seems, therefore, that the error of the court, if it was error, in ·concluding that appellant's claim on account of funeral expenses he paid for his father was barred by the statute, should not operate to reverse the judgment, for on the testimony before him it was the only judgment the court could have rendered with respect to this phase of the case.

We think the conclusion of the court that appellant owned only a five-eighths interest in the land was abundantly supported by the testimony, and overrule the contention to the contrary. And we think there is no merit

---

⬚=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the complaint, based on the claim that appellant had made improvements on part of the land, that he was therefore entitled to have that part allotted to him in the partition, and that the court failed to allot it to him. As we understand the record, the part of the land improved by appellant was alloted to him in the partition.

[4] The judgment provided that the costs of the suit should be paid by the parties "in the proportion to the share they each received." Appellant insists this was error. It appeared that appellant owned a one-half interest, undivided, in the land by purchase, and that he and appellees as heirs of the Mannings jointly owned the other half interest. His contention is that—

"In a partition suit when one of the heirs owns one-half of the premises by purchase it is the duty of the court to tax the cost against each in proportion to the amount inherited, and not in proportion to the amount owned."

The contention is overruled. The suit was to partition the entire tract, and not a part of it, and the statute required the court to adjudge the costs "to be paid by each party to whom a share has been allotted in proportion to the value of such share." Article 6125, Vernon's Sayles' Ann. Civ. Statutes 1914.

The judgment is affirmed.