ACCEPTED
12-14-00302-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/24/2015 11:39:27 AM
CATHY LUSK
CLERK

NO. 12-14-00302-CV

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/24/2015 11:39:27 AM
CATHY S. LUSK
Clerk

CORRINE AUGUSTINE NICHOLS HILL SHEARER

*Appellant*

v.

DAVID SHEARER, INDIVIDUALLY AND AS THE INDEPENDENT ADMINISTRATOR
OF THE ESTATE OF JOHN WILLIAM SHEARER, III

*Appellee*

Appeal from the County Court at Law No. 2
Gregg County, Texas

**REPLY BRIEF FOR APPELLANT**

J. CHAD PARKER
cparker@theparkerfirm.net
Bar Card No: 15489000
FORREST F. MAYS
fmays@theparkerfirm.net
Bar Card No: 24072228
THE PARKER FIRM, P.C.
3808 Old Jacksonville Rd.
Tyler, Texas 75701
(903) 595-4541 - telephone
(903) 595-2864 - facsimile

Attorneys for Appellant

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Defendant**

Corrine Augustine Nichols Hill Shearer

**Counsel for Appellant**

**J. CHAD PARKER**
Bar Card No: 15489000
**FORREST F. MAYS**
Bar Card No: 24072228
THE PARKER FIRM, P.C.
3808 Old Jacksonville Rd.
Tyler, Texas 75701

Attorneys for Appellant Corrine Augustine Nichols Hill Shearer

**Appellee/Plaintiff**

David Shearer, Individually, and as Independent Administrator of the Estate of John William Shearer, III

**Counsel for Appellee**

**CARSON RUNGE**
SLOAN, BAGLEY, HATCHER & PERRY
101 East Whaley Street
Longview, Texas 75601
State Bar No. 24059262

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................... i

INDEX OF AUTHORITIES ................................................................. i-iii

REPLY TO POINTS RAISED IN APPELLEES' BRIEF ................................................. 1–9

I.      Corrine did not waive its legally and factually sufficiency arguments by not requesting particular instructions to accompany Question No. 5 in the Court's Charge or otherwise objecting to the Court's Charge

II.     The Appendix to Appellee's Brief contains records that are not part of the official clerk's or reporter's records

III.    David relies on a demonstrative that is not part of the record on appeal in support of his argument that the evidence is legally and factually sufficient to support the existence of a fiduciary duty

IV.     David fails to identify legally and factually sufficient evidence in the record supporting an informal fiduciary duty as the evidence identified does no more than buttress his subjective feelings of trust and confidence

V.      David gravely misstates the holding in the *Priebe* case and IIED claim did not constitute a "gap-filler" under these facts

CONCLUSION AND PRAYER ................................................................. 10

CERTIFICATE OF COMPLIANCE WITH RULE 9.4(E) ................................................. 11

CERTIFICATE OF SERVICE .................................................................11

# INDEX OF AUTHORITIES

**Cases**

*Johnson v. Johnson*,
 191 S.W. 366, 367 (Tex. Civ. App. – Texarkana 1916, no writ.) ............. 4

*Osterberg v. Peca*,
 12 S.W.3d 31 (Tex. 2000) .................................................................. 1–3

*Priebe v. A'Hearn*,
 2011 WL 1330808 (Tex. App. – Houston [1st Dist.] 2011, no pet.) ..... 7–9

*Vanderpool v. Vanderpool*,
 442 S.W.3d 756 (Tex. App. – Tyler 2014, no pet.) .................................. 1

**Statutes**

Texas Health & Safety Code 166.039(b) ............................................... 9

Tex. Health & Safety Code Section 711.002 ........................................ 9

**I. Corrine did not waive her legally and factually sufficiency challenges by not requesting particular instructions to accompany Question No. 5 or otherwise objecting to the Court's Charge**

David argues that Corrine waived her legal and factual sufficiency challenge by not requesting the addition of instructions on the "factors" courts consider in determining whether a fiduciary duty exists. However, this argument is groundless. Corrine has not asked the Court to review the legal and factual sufficiency of the evidence against some phantom charge that she never requested. Rather, she is properly asking the court to conduct a legal and factual sufficiency review of the Court's Charge, not some "other unidentified law". *See* Br. of Appellee's at p. 15. Texas courts have considered those so-called "factors", as David refers to them, in its review of the "actualities of the relationship" which is the crucial inquiry in determining whether an informal fiduciary duty exists. The actualities of the relationship bear precisely on whether David justifiably placed trust and confidence in Corrine or whether his trust and confidence was based merely on his subjective trust and feelings. *See* CR 70–84; *Vanderpool v. Vanderpool*, 442 S.W.3d 756 (Tex. App. – Tyler 2014, no pet.). Corrine has preserved her legal and factual sufficiency challenges to Question No. 5.

David cites the *Osterberg* case, among others, in support of its waiver

argument. However, *Osterberg* is clearly distinguishable from the case at hand. In *Osterberg*, an El Paso candidate for judge ("the judge") sued opponents of his campaign ("defendants") for knowingly making a campaign expenditure in violation of the Tex. Elec.Code § 253.131. The judge claimed that the defendants violated Chapter 253 of the Election Code by failing to report the direct campaign expenditures they made for television advertisements they ran in opposition to him. Chapter 253 prohibits direct campaign expenditures over $100 unless the spender reports the expenditures in compliance with Election Code Chapter 254. The defendants had not reported the expenditures by the deadlines required by Election Code section 254.124. Under section 254.124, they were required to file a report no later than the eighth day before the election. The defendants did not file a report until May 4, 1994—nearly two months after the election and after the judge had filed suit. Following a jury trial, the trial court held defendants jointly and severally liable for Election Code violations and awarded the judge money damages and interest. 12 S.W.3d 31, 37 (Tex. 2000). The El Paso Court of Appeals held that the defendants waived their contention that they "substantially complied" with the Election Code's reporting requirements by filing a report on May 4, 1994—almost two months after the election. *Id*. The Texas Supreme Court affirmed on the issue of waiver stating:

> "[T]he *court of appeals did not rule that the sufficiency points were not preserved.* As is clear from the court of appeals' opinion, the court considered

2

the sufficiency points and concluded that the evidence was both factually and legally sufficient to support the jury's answers to question four . . . The [defendants] could instead be arguing that when a court submits a defective issue to the jury, an appellate court should review the sufficiency of the evidence against the question and instruction that the trial court should have submitted—not the one actually submitted—even if the defect was never brought to the court's attention and the question or instruction never requested. That assertion is misguided. Even if [the judge] had a burden of proof with regard to some substantial compliance standard—an issue we do not decide today—it is the court's charge, not some other unidentified law, that measures the sufficiency of the evidence when the opposing party fails to object to the charge. *Id*. at 54–55 (emphasis added).

The Supreme Court observed that the defendants in *Osterberg* preserved the sufficiency points as to the charge ultimately submitted to the jury. Accordingly, unlike *Osterberg* where defendants raised for the first time on appeal error in the failure to submit a charge containing "substantial compliance" as the standard, Corrine is not asking this Court to review anything other than the legal and factual sufficiency of the evidence against the Court's Charge on which the jury rendered its verdict based on the standard in Texas law determining whether an informal fiduciary duty exists – the actualities of the parties' relationship.

Those other cases cited by David are inapposite. Corrine is not making a legal or factual sufficiency challenge where an element is missing from the charge and Corrine failed to request a substantially correct charge or object to the charge that was submitted. *See* Br. of Appellee at pp. 16–21.

## II. The Appendix to Appellee's Brief contains records that are not part of the official clerk's or reporter's records

Corrine would briefly point out that Tabs 1–3 of the Appendix to Appellee's Brief contain documents that are not part of the official Clerk's Record or Reporter's Record on appeal. For the sake of accuracy in the record and to preserve any complaint as to the contents of the appellate record, Corrine objects to the Court's consideration of Tabs 1–3 to the extent they are not derived from the official record. *See* Tex. R. App. P. 38.5(a)(1). It appears that Tab 1 is redundant of the Court's Charge in Corrine's brief. *See id.* at 38.5(a)(2). Corrine does not object to the Court's consideration of CR 29–41 or CR 7–19 that are the official portions of the record that correspond respectively to Tabs 2–3 of the Appendix to David's brief.

## III. David relies on a demonstrative that is not part of the record on appeal in support of his argument that the evidence is legally and factually sufficient to support the existence of a fiduciary duty

The appellate court is bound by evidence in the record on appeal. *Johnson v. Johnson*, 191 S.W. 366, 367 (Tex. Civ. App. – Texarkana 1916, no writ.). David includes Plaintiff's Demonstrative 1 in his Appendix. *See* Appx. to Br. of Appellee at Tab 4. This evidence was not requested by either Corrine or David at any time prior to the submission of their briefs. CR 149–150. In a letter dated February 6, 2015, the Court notified the parties that it believed the record to be complete and advised that "the need for supplementation or amendment shall not constitute reasonable grounds

4

for seeking an extension of time to file your brief unless filed within 30 days from the date your brief is originally due. Thus . . . Appellee will have 30 days after Appellant's brief has been filed to seek any necessary supplementation." David has waived any consideration of Plaintiff's Demonstrative 1 on appeal and the Court should not consider it in performing its legal and factual sufficiency reviews.

**IV.    David fails to identify legally and factually sufficient evidence in the record supporting an informal fiduciary duty as the evidence identified does no more than buttress his subjective feelings of trust and confidence**

David takes stock in Corrine's acknowledgment at trial that she knew David was trusting her to accurately provide information about his father's condition. This does not bear on whether such trust was justified which is exactly why the inquiry into the actualities of the parties' relationship is crucial to the determination of whether an informal fiduciary duty existed. What is starkly telling in David's brief is the absence of reference to any portion of the record demonstrating that Corrine ever committed to acting in David's best interest. Nor has David identified any evidence in the record that would support even a reasonable inference that the parties' relationship had been repaired so as to make any trust David placed in Corrine justifiable. That is because there is no such evidence. David spends pages 26-28 of his brief detailing evidence relevant only to the breach of a fiduciary duty, if such existed, which is not a point that Corrine has raised in this appeal. While David insists that he trusted Corrine and attempts to identify evidence in support thereof, the

evidence in the record is legally and factually insufficient, given the actualities of the relationship between David and Corrine, to show that David's trust and confidence was justifiable.

Curiously, David claims that Corrine waived any legal or factual sufficiency challenges to Question No. 5 and that such challenges are irrelevant because the so-called "factors" are not required to show an informal fiduciary duty; but at the same time, David relies heavily on one or more of those "factors" in support of the verdict. David claims that "Corrine Shearer knew that David could not come down to stay with John Shearer at the Houston VA" and then details evidence in the record pertaining to medical issues and family obligations that burdened David. *See* Br. of Appellee at pp. 22–23; 6RR: 13 (David's counsel argued at post-trial hearing that "a fiduciary relationship may arise either as a result of dominance on the part of one or weakness and the dependence on the part of the other [sic]."). However, even viewing this evidence in the light most favorable to David and in considering all of the evidence, it does not justify his placing trust and confidence in Corrine when the actualities reflect that the relationship was a shambles, he knew that he was the one with authority to make medical decisions on behalf of his father, and could have and chose not to exercise that authority directly with doctors at the hospital whom David admits must have been of the opinion that Corrine had such authority.

David goes on to state that "the factors raised in Corrine Shearer's legal and

factual sufficiency points are not pre-requisites to the creation and/or existence of an informal fiduciary relationship. *Accordingly, insufficient evidence for any or all of them does not render the jury verdict improper.*" This is simply not so when evidence bearing on the so-called factors consumed much, if not all, the evidence at trial relevant to the existence of an informal fiduciary duty and are encompassed in the broader statement of the law that concerns the actualities of the relationship. *See* Br. of Appellee at p. 31 (emphasis added).

**V.     David gravely misstates the holding in the *Priebe* case and IIED claim did not constitute a "gap-filler" under these facts**

Corrine will not belabor the issues relating to David's IIED claim which have already been amply presented in her Brief. Nevertheless, Corrine would like to address David's clear misstatement of the holding in *Priebe* and urge that it should not be construed as David insists. Priebe's father and A'Hearn's husband, Richard Priebe, was diagnosed with terminal cancer. Priebe testified that during her father's illness, she tried to visit him as frequently as her work schedule would allow because she wanted to spend as much time with him as she could before he passed away. On at least one occasion, Priebe tried to discuss funeral arrangements and other end-of-life matters with her stepmother, but A'Hearn refused to discuss the matter. *Priebe v. A'Hearn*, 2011 WL 1330808 at *1 (Tex. App. – Houston [1 Dist] 2011, no pet.). Mr. Priebe died on February 25, 2003. A'Hearn had Mr. Priebe's body cremated,

7

and his ashes were interred. No funeral was held and no obituary was published. Priebe was not informed of her father's cremation and was not included in any discussion about how his remains would be handled. *Id.* Priebe filed suit alleging claims against A'Hearn for defamation, conversion, and intentional infliction of emotional distress. *The trial court later transferred Priebe's conversion claim to the probate court.* At trial, the court granted A'Hearn's motion for directed verdict on the defamation claim on limitations grounds. The jury found A'Hearn liable for intentional infliction of emotional distress, and awarded Priebe $90,000 in damages for mental anguish, as well as $1 in exemplary damages. A'Hearn filed a motion for judgment notwithstanding the verdict, which the trial court granted. *Id.* at *2 (emphasis added).

Priebe argued that the trial court improperly granted A'Hearn's motion for judgment notwithstanding the verdict because there was substantial and compelling evidence supporting her claim of intentional infliction of emotional distress. Priebe alleged facts in support of her intentional infliction of emotional distress claim that included, among other things, that A'Hearn excluded her from discussions concerning the treatment of her father's remains. *Id.* at * 5–6. The court concluded that "A'Hearn's . . . choice to exclude Priebe from any decisions concerning Mr. Priebe's remains and memorial service, were insensitive when viewed from Priebe's perspective. However, intra-familial discord of this variety is not regulated by tort law, and the tort of

intentional infliction of emotional distress does not permit recovery for inconsiderate and unkind behavior." *Id*. at * 7. The court then cited Tex. Health & Safety Code §711.002 in support of A'Hearne's right to control the disposition of Mr. Priebe's remains. Ultimately, the court concluded that "the evidence presented in this case did not support the jury's finding that A'Hearn's behavior was extreme and outrageous, and we hold that her conduct did not amount to an actionable intentional infliction of emotional distress claim." The Court did NOT hold, as David claims, that "there is no cause of action available but intentional infliction of emotional distress for the wrongful treatment of human remains." *See* Br. of Appellee at p. 40.

What further distinguishes *Priebe* from the case at bar is that Priebe only pled three causes of action, including conversion (which was transferred to the probate court), and only the IIED cause of action found its way into the jury charge. Here, the invasion of privacy cause of action was in the Court's Charge and mirrored the theories already being sought for interference with a right allegedly belonging to David under Tex. Health & Safety Code §166.039(b).  David attempted to advance the invasion of privacy theory on "the decisions whether to withdraw or maintain life support for his father, John Shearer, and whether to order a DNR . . ." at trial under §166.039(b) but, on appeal, shies away from its availability as a viable theory for interference with David's ostensible "right to control the disposition of human remains." *See* CR 63–66.

## CONCLUSION AND PRAYER

Corrine Shearer has shown that the evidence at trial was legally and factually insufficient to show that a fiduciary duty existed between Corrine and David Shearer. Corrine Shearer has shown that David Shearer had an alternative remedy besides an IIED cause of action to recover mental anguish damages and that alternative remedy was pled and presented to the jury. Corrine Shearer would ask that the Court reverse and render judgment on both grounds, that David Shearer take nothing, and that Corrine Shearer be awarded her costs. Alternatively, the evidence at trial was factually insufficient to show that a fiduciary duty existed between Corrine Shearer and David Shearer. Corrine Shearer would ask that the Court reverse and remand the case to the trial court for a new trial on David Shearer's claim for breach of fiduciary duty.

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(e)

1.  This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(e)(i)(2)(B) because, according to the Microsoft Word 2010 word count function, it contains a total of 6,194 words on pages 1-10 of the Appellants Reply Brief and on  pages 7-22 of the Appellants  Brief, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(e)(i)(1).

2.  This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in proportionally spaced typeface using Microsoft Word 2010 software in Times New Roman 14-point font in text and Times New Roman 12-point in footnotes.


/s/ J. Chad Parker
J. Chad Parker


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the *Reply Brief of Appellant Corrine Augustine Nichols Hill Shearer* was served by electronic service and/or email to the following counsel of records on April 24, 2015.

Carson Runge
SLOAN, BAGLEY, HATCHER & PERRY
101 East Whaley Street
Longview, Texas 75601
Via Email


/s/ J. Chad Parker
J. Chad Parker