## HUNT v. BURRAGE.
### No. 11634.

Court of Civil Appeals of Texas. Dallas.
May 25, 1935.

Rehearing Denied July 13, 1935.

McEntire, James & Clower, of Tyler, for appellant.

John W. Pope, Sr., and J. Lee Zumwalt, both of Dallas, for appellee.

JONES, Chief Justice.

In a suit in a district court of Dallas county, styled C. R. Adkins et al. v. C. M. Joiner, a receiver was appointed. As a part of the property passing into the possession of the receiver, there were 500 acres of land known as the Daisy Bradford tract, and also 80 acres of land on which Joiner well No. 3 is located. A master in chancery was appointed to pass upon the claims of various parties in this receivership, and to report his conclusions to the court.

On April 7, 1931, appellee, Richard W. Burrage, filed a plea in intervention in the original suit and claimed an undivided interest of 2 acres in the 500-acre tract of land and an undivided interest of 8/12000 in the 80-acre tract. This plea in intervention was referred to the master in chancery. While this claim of appellee was pending before such master in chancery, appellant, H. L. Hunt, individually and as trustee, joined by a number of others, filed a motion in the original suit, alleging that they were the sole owners of the said 500-acre tract, and prayed that it be dismissed from the receivership. Appellee was not a party to this motion, nor did he have knowledge that such motion was filed. The court granted the motion and dismissed the 500-acre tract from the proceedings by an order which stated, in effect, that such order was entered without prejudice to any other claimant's interest in the land.

Appellant, both individually and as trustee, was a party to the original suit, in which the receiver was appointed, but appellee only became a party by intervention. After the 500-acre tract was thus dismissed from the receivership, the master in chancery filed a report on appellee's intervention, finding in effect that appellee was the owner of an undivided 2-acre interest in the 500-acre tract, and was owner of an 8/12000 interest in the 80-acre tract. The court approved the master's report and judgment was entered April 4, 1932, decreeing appellee's title to such interest. Appellant was not served with notice of this hearing of the master's report on appellee's claim, and had no knowledge of such hearing at the time the judgment on the claim was entered. At this time appellant claimed to be the sole owner, individually and as trustee for another party, of this 500-acre tract.

On or about May 1, 1932, subsequent to the judgment entered allowing appellee an interest in the land in question, and after appellant had notice of the judgment in favor of appellee, appellant organized a corporation known as the Hunt Production Company, and transferred by deed the 500-acre tract of land owned by him in a 4/5 interest, and as trustee in a 1/5 interest, to such corporation, and placed the title to the land in such corporation. As a result of the forming of this corporation and the deeding of such tract of land to it, appellant thereafter, neither individually nor as trustee, owned any interest in the title to the said 500-acre tract. Individually, appellant was issued stock of the corporation to the amount of a 4/5 interest, and the person for whom he acted as trus-

tee was issued stock to the amount of a 1/5 interest, less 1 share of stock nominally issued to a third party, for the purpose of incorporation. Appellant was made president of the corporation, the other party vice president, and the one to whom the 1 share of stock was issued was made secretary-treasurer. On May 25, 1932, appellant filed what we will denominate a bill of review, praying that the judgment entered in favor of appellee, April 4, 1932, be set aside, and alleged what appears on the face of the allegations to be good grounds for setting such judgment aside. In the allegations, appellant did not disclose that he, individually and as trustee, had parted with all title and interest in said 500-acre tract, and that such interest was now owned by the Hunt Production Company, a corporation. Appellee did not know of this fact until a witness for appellant testified to the fact of the organization of the corporation, and also to the fact that appellant had transferred the entire interest held by him to such corporation, and that said land was now owned by such corporation. The court refused to set aside the judgment of April 4, 1932, on this hearing and appellant, individually and as trustee, alone has appealed from this order.

Appellee challenges the right of appellant to prosecute this appeal, because of a total want of any interest in the subject-matter of the judgment. If this question must be decided adversely to appellant, the appeal must be dismissed, for want of any party in whom a right exists to challenge the correctness of the judgment in the lower court.

On September 8, 1933, appellee duly filed its motion in this court, to dismiss the appeal or to affirm the judgment, because the record disclosed that appellant had no interest in the subject-matter of the suit to set aside the judgment of April 4, 1932. This motion was overruled, for the reason that it appeared on the face of the motion that the entire record would have to be examined to determine the fact of appellant's interest in the subject-matter of the judgment on which he had prosecuted this appeal.

We have given the question careful consideration, in the light of the record before us, and have concluded that we erred in overruling the motion, and we now sustain appellee's contention made again in his brief, that appellant has suffered no injury by the judgment, refusing to set aside the former judgment in favor of appellee. At the time the judgment attempted to be set aside was entered—April 4, 1932—appellant, individually and in his capacity as trustee, claimed the entire interest in the 500 acres. With knowledge of this judgment in favor of appellee, on or about May 7, 1932, appellant organized a corporation and deeded to such corporation the 500-acres of land, and the corporation thereby became the sole owner of appellant's interest therein, individually and as trustee. As a consideration for their interest in the land, appellant was issued approximately 4/5 of the shares of stock of the corporation, and the other party for whom he acted as trustee was issued approximately 1/5 of such shares. Appellant's trusteeship immediately ended.

After the organization of the corporation and appellant's election as its president, and the selection of appellant and the other two stockholders as the board of directors, the motion to set aside the judgment was filed by appellant May 25, 1932. When it was developed on the hearing of this motion that appellant, individually and as trustee, at the time the motion to set aside the judgment was filed, had no interest in the subject-matter of the judgment, the court entered an order, overruling the motion and refusing to set aside the judgment. Manifestly, this was the only order that could have been entered. Johnson v. Johnson (Tex. Civ. App.) 191 S. W. 366; Royal Neighbors of America v. Fletcher (Tex. Civ. App.) 230 S. W. 476. The court could not decree any interest in the said land to the corporation, because it was not a party to the motion and not before the court, even if the judgment of April 4, 1932, was set aside; nor could the court decree the title to the tract of land in appellant, because the undisputed evidence showed that he owned no interest therein.

Has appellant the right to have the order of the court, refusing to set aside the judgment of April 4, 1932, reviewed by this court? We think not. It is announced in 3 Tex. Jur. 148, § 85, that the right of appeal rests only in an aggrieved party, and defines such term in the following language: "Aggrieved parties entitled to appeal or bring error are those whose interests are injuriously affected by the judgment or order. It would seem therefore that a party is not injured by, and cannot appeal from, a judgment decreeing a partition of land alleged to have been fraudulently acquired by him, where he admitted

that he had sold the property; it has been held that he may not assign error on the judgment under the circumstances, and that he cannot complain merely because he had averred a warranty of title where there is no, proof that he had executed a warranty to his vendee. The right to appeal or bring error is generally denied to one who places himself in the attitude of a mere stakeholder."

This announcement is sustained by the following authorities: Johnson v. Johnson, supra; Royal Neighbors of America v. Fletcher, supra; Moore v. Stark, 118 Tex. 565, 17 S.W.(2d) 1037, 21 S.W.(2d) 296; Hawley v. Whitaker (Tex. Civ. App.) 33 S. W. 688. See, also, 33 Tex. Jur. p. 147, § 84.

It necessarily follows that, in our opinion, appellant was affirmatively shown to have no interest, either individually or as trustee, in the subject-matter of the judgment appealed from, and hence cannot prosecute this appeal, and that the appeal attempted to be prosecuted by him should be dismissed, and it is so ordered. We do not pass on any of the other issues raised on this appeal.

Dismissed.