## HUNT et al. v. BURRAGE.

### No. 12247.

Court of Civil Appeals of Texas. Dallas.

May 16, 1936.

Rehearing Denied June 20, 1936.

See, also, 84 S.W.(2d) 1098.

McEntire, James & Shank, of Tyler, for appellants.

John W. Pope, Sr., and J. Lee Zumwalt, both of Dallas, for appellee.

JONES, Chief Justice.

This is an appeal from a judgment of a district court of Dallas county, overruling a plea of privilege presented by appellant, H. L. Hunt, individually and as trustee, to a motion filed in said district court by Richard W. Burrage, appellee, for the ostensible purpose of enforcing a judgment that had theretofore been rendered by the said court in favor of appellee and against appellant. The appeal has been duly perfected to this court, and the following are the necessary facts:

The judgment in favor of appellee awarded him an undivided $\frac{2}{500}$ interest in an oil and mineral lease on 500 acres of land located in Rusk county, and a small interest in such a lease on another tract of land, the latter interest not being involved in this suit. The judgment was rendered April 4, 1932, and approximately one year after said judgment, appellant filed a motion in said court,

in the form of a bill of review, to set aside the judgment. After a hearing, the trial court denied the motion to set aside the judgment, and from this ruling appellant perfected an appeal, by filing a cost bond. While this appeal was pending, appellee filed a motion in the trial court to enforce the original judgment, basing his right to do so, pending the appeal, on the ground that it has not been superseded, hence was subject to enforcement, notwithstanding the pending appeal. The motion alleged that, under the judgment, appellee was entitled to his proportionate share in the oil runs from wells located on this 500-acre oil and mineral lease, in which he had been decreed said interest; that appellee had made demands on appellant for his interest in the oil runs, and that these demands had been refused.

Appellee sought by this motion to have the court again to take into its jurisdiction the lease on the 500-acre tract in which appellee had been decreed, by the judgment, an undivided $2/500$ interest, and to place it again in the hands of the receiver, appointed in 1929 in the original suit for a receiver, and cause the receiver to take into his possession oil runs from this tract of land and pay appellee his proportionate share thereof. The said lease had been administered by the receiver with other properties, but this property had been released from such receivership, without prejudice to appellee, and without his knowledge or consent. This was the specific method sought by appellee to secure enforcement of his judgment.

To this motion to enforce the judgment, appellant duly filed a plea of privilege to be sued in Smith, the county of his residence, on the theory that the purported motion was in fact a new suit and not simply a motion in the suit in which the judgment was rendered. To this plea of privilege, appellee filed a controverting affidavit, in which the primary contention was that the plea of privilege would not lie, for the reason that the court granting the judgment was the proper jurisdiction for the enforcement of the judgment. The issue of venue made by the plea of privilege and the controverting affidavit was set for hearing, then postponed for a short time, without prejudice, and on the day the hearing was to be had, and after each party had announced ready, appellant presented a motion to the court, stating that he desired to supersede the judgment appealed from, and prayed the court to fix the amount of a supersedeas bond. The court properly granted appellant this right and fixed the sum of $5,000 as the amount of such bond. The supersedeas bond was at once executed, approved by the clerk, filed, and the judgment was thereby superseded.

The effect of superseding this judgment was to stay enforcement of appellee's judgment, pending the appeal, and until the issuance of the mandate of the Court of Civil Appeals, showing the disposition made by such court of the appeal. The parties to the litigation and the trial court apparently fully recognized this fact, for all proceedings to enforce the judgment, pending the appeal, were immediately dropped.

The motion filed by appellee, seeking enforcement of the judgment, was predicated entirely upon the fact that the appeal was prosecuted only on a cost bond, thereby leaving the judgment subject to enforcement, pending the appeal. Appellant, by his act in superseding the judgment (and he had the unquestioned right to do so) rendered the motion of appellee to enforce the judgment a nullity. If the judgment had been one for money, and appellee, because the judgment had not been superseded pending the appeal, had caused to be issued an execution and placed the same in the hands of the sheriff for execution, the filing of the supersedeas bond, before the enforcement of the execution, would have destroyed the power to execute such writ and would require its return, unenforced. If the judgment had decreed title to a specific and described tract of land, and appellee, under the circumstances, had caused to be issued a writ of possession and placed it in the hands of the sheriff, the filing of the supersedeas bond before the execution of the writ would have prevented its execution and called for its return, unexecuted. For the same reason, the motion filed to enforce the judgment pending appeal was rendered nugatory after the supersedeas bond was filed. There being, therefore, in effect no motion before the court to enforce the judgment, the plea of privilege filed became likewise nugatory, for there was nothing then pending before the court seeking any affirmative relief against appellant, hence nothing that could be made the subject of the plea of privilege. Both appellee's motion and appellant's plea of privilege were destroyed as pleadings when the judgment was superseded.

The record shows that, on December 9, 1935, shortly after the return of the mandate showing the disposition of the appeal by this court, appellee filed what he terms an "amended motion to enforce the judgment,"

setting up substantially the same grounds as in the original motion, except this motion shows that a final judgment on the appeal had been rendered. This motion must be considered as an original motion, for the old motion had been killed by the supersedeas bond. To this motion appellant, on December 26, 1935, filed another plea of privilege directed to this second motion, and also a plea in abatement, and subject to the plea of privilege and the plea in abatement, filed an answer. The plea in abatement was presented by appellee and overruled; this second plea of privilege was never presented, and is on the docket of the trial court, as an undisposed of plea, so far as this record shows, though a controverting affidavit was duly filed. This latter matter is not before this court, and is given merely as a part of the history of this case. The issue, therefore, raised on this second plea of privilege is not passed upon by this court, and we express no opinion as to the contention made by either party on the issue of venue raised by the second plea of privilege.

It follows that, in our opinion, the court did not err in refusing to grant the first plea of privilege, which had been rendered nugatory as a pleading by appellant's action in filing the supersedeas bond. The judgment is therefore affirmed.

Affirmed.