BURRAGE et ux. v. HUNT PRODUCTION CO. et al.

No. 12476.

Court of Civil Appeals of Texas. Dallas.

Feb. 19, 1938.

Rehearing Denied March 26, 1938.

"On this the 4th day of April, A. D. 1932, the attention of the court being called to the fact that the Master in Chancery heretofore filed a report approving the claim of Richard W. Burrage, which said report has not been acted on by the court; It is therefore ordered, adjudged and decreed by the court that Richard W. Burrage, have and recover herein the title to the following described property, in accordance with the report of the Master in Chancery heretofore made: 2 undivided acres in Syndicate No. 3, composing the 500 acres Daisy Bradford tract and described as follows: (description given). Together with an undivided $8/12000$ interest in and to the 80 acres on which the Joiner Well #3 was situated. It is further ordered that the title to the above described property be and the same is hereby quieted in the said Richard W. Burrage."

Appellees contend that the proceeding instituted by appellants is a new suit, seeking recovery of a new judgment, on a new and independent cause of action from that adjudicated in the foregoing judgment. Appellees further contend that appellants, on hearing of the contest of said pleas of privilege, failed to offer any proof to show prima facie any cause of action against appellees, or to show appellants were entitled to the relief sought.

In order for the issues to appear in their true light, we will state the history of his controversy, much of which is not shown by the record in this appeal, but is shown by the records in other appeals which have been heretofore determined by this court, this being the fourth appeal which has been lodged in this court regarding this controversy.

On October 27, 1930, one C. R. Adkins and others filed a suit in the Forty-fourth district court of Dallas county against C. M. Joiner and others, involving several tracts of land situated in Rusk county, including the 500 acres in question. The lands were placed in the hands of a receiver. The undivided 2-acre tract mentioned in the foregoing judgment is a part of this 500-acre tract of land.

Subsequent to the filing of said suit, H. L. Hunt, trustee and one of the appellees, purchased the interest of C. M. Joiner in the 500 acres, and he, together with several other persons claiming an interest therein, intervened in said suit. Richard W. Burrage also intervened in said suit, asserting some character of claim to be determined

John W. Pope, Sr., and J. Lee Zumwalt, both of Dallas, for appellants.

McEntire, James & Shank, of Tyler, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of a district court of Dallas county, Tex., sustaining appellees' pleas of privilege and transferring the cause to Smith county.

Appellants contend that the proceeding to which the pleas of privilege are directed has for its purpose the enforcement of a certain judgment rendered on April 4, 1932, and that the court rendering the judgment is the only court having jurisdiction to enforce it; therefore, that no plea of privilege will lie to said proceeding.

The judgment sought to be enforced by the proceeding, deleting all formal parts, is as follows:

against C. M. Joiner, without specifying the kind of claim or the land to which his claim attached. On April 18, 1931, while Hunt and Burrage were parties to the suit, the court dismissed the cause of action in so far as it related to the 500 acres, releasing and discharging it from said receivership, the judgment reciting:

"On this the 18th day of April, A. D. 1931, came on to be heard the motion of C. M. Joiner, H. L. Hunt, W. B. Osborne, E. B. McDavid, W. A. Brookshire, John Malone, Mamie Smith, Chassie Buford, Leota Brannon, Mrs. Lake N. Bruce, John B. Rowland, M. R. Thomas, Alexander Smith Oil Company, G. O. Golightly, L. W. Capps, R. C. McElmurry, K. C. Miller, Leo V. Ryan, H. C. Miller, Murray Butler, Donna Buford, Ray Carter, J. W. Blanton, H. N. Lane, A. V. Lane, Vivian Duncan, R. J. Glass, to dismiss without prejudice the above styled and numbered cause, and the receivership ancillary to said cause, in so far as they affect the following described property, to-wit: (describing the 500 acres). And it appearing to the court from the findings of the Honorable Tom. C. Clark, Master in Chancery herein, and from the evidence adduced before the court, that said above named parties *are the only parties of record claiming any right, title or interest in and to said above described property* (italics ours), and that said motion should be granted, and said partition suit and receivership, in so far as it applies to them and the above described property, should be dismissed.

"It is therefore considered by the court and so ordered and decreed that the above styled and numbered cause in so far as it applies to the said described property, and to that extent only, is dismissed and the receiver is directed to release said property, together with all personal property located thereon from his custody and control as such receiver, and the right of possession thereto shall revert to and vest in the various owners thereof as their interests might appear, and said owners of said property shall be entitled to receive any and all oil taken from said land, now in storage in the tanks, and all oil and proceeds of oil run from said property since March 31, 1931, said dismissal being without prejudice to the rights of the various owners of and/or claimants to said property as among themselves, or with other parties, and without prejudice to the right of H. L. Hunt under and by virtue of his contract with Ernest R. Tennant, as receiver. * * * *"

On April 4, 1932, practically one year later, without any character of notice to Hunt, the judgment which appellants seek to enforce by the proceeding here involved was entered in favor of Burrage, and became final, perforce of its affirmance by this court. Hunt. v. Burrage, Tex.Civ.App., 84 S.W.2d 1098.

While the appeal of Hunt v. Burrage, supra, was pending in this court, on September 2, 1933, appellants filed in the trial court what they denominated their "Motion to Enforce Judgment," in which they asked for the enforcement of the judgment of April 4, 1932, a receiver to be appointed for the 500 acres of land, and an accounting by Hunt Production Company for all oil received and sold from the land in question since the date of the judgment.

Upon being served with citation, the defendants (appellees herein) H. L. Hunt, trustee, and Hunt Production Company, filed pleas of privilege in statutory form, alleging their residence in Smith county. On hearing of the pleas of privilege, the trial court denied the relief sought, the defendants then filed supersedeas appeal bond and, on appeal, this court affirmed the judgment, holding that the filing of the supersedeas bond rendered nugatory both the said motion to enforce said judgment and the pleas of privilege, leaving nothing before the trial court and the Court of Civil Appeals for determination. Hunt et al. v. Burrage, Tex.Civ.App., 95 S.W.2d 202.

While the above cause was on appeal, the plaintiffs (appellants here) on December 9, 1935, filed in the trial court what they designated as their "Amended Motion to Enforce Judgment," alleging substantially the same cause of action as in their original motion, which had been rendered nugatory by the action of this court; and, in addition thereto, sought an injunction against Hunt Production Company to restrain it from prosecuting a trespass to try title suit, involving the 500 acres of land, which had been previously filed against Richard W. Burrage in Rusk county. This is the proceeding involved on this appeal.

Appellants, in said amended motion, alleged the filing of their intervention in the original suit; the recovery of judgment of April 4, 1932, and further alleged that, "by reason of said judgment, your petitioners (appellants) became vested with full

and complete title as aforesaid, with the right of possession, and to receive his pro-rata part of all proceeds derived and received from said property in accordance with said judgment, and the oil on hand on the 18th day of April A.D. 1931, and all proceeds from oil from that date to the present." Appellants further alleged:

"That said H. L. Hunt, individually and as trustee, in obedience and conformity with said order, procured possession of said property, operating oil wells thereon and receiving all the proceeds therefrom, and refused to account to your petitioner for his part and portion as described to him by the judgment of this court as aforesaid * * *, and that in truth and in fact the said H. L. Hunt, individually and as trustee, and the said Hunt Production Company, have received from said property oil to the value of more than $1,000,000.00 and for which they refused to account to your petitioner for any part thereof."

Appellants further alleged in said motion:

"That said Hunt Production Company is now in possession of the said property, claiming same adversely to your petitioner, and that on account of the acts of the said H. L. Hunt, individually and as trustee, and said Hunt Production Company, your petitioner is being damaged, and the court ought to afford him a remedy by resuming possession of said property through the receiver, Ernest R. Tennant, and direct him to take possession of all of said property and operate the same, and pay over to your petitioner his portion thereon in accordance with the judgment of this court, and also to require said Hunt and said Hunt Production Company to file a verified report of all oil received as well as sold by them, jointly and severally, and by mandamus or injunction or other appropriate writ or order, require each of them to pay to said receiver or your petitioner the portion of said proceeds due your petitioner. And upon their failure to do so, to order and require said receiver to institute suit or suits therefor, and to take such other action as the court may deem proper to fully protect your petitioner and enforce said judgment."

Appellants concluded their motion, asking that it be set for rehearing, that notice be given to H. L. Hunt, individually and as trustee, and to said Hunt Production Company, both of whom reside in Smith county, to appear and answer the petition and, on hearing, that the court grant the motion,

award the remedy and relief above prayed for, and resume possession of all the property through a receiver, with authority to operate the wells upon said property, to pay over to appellants their pro rata part thereof, and to protect the possession of said receiver by writs of injunction or other appropriate process. And further asking that Hunt and Hunt Production Company be required to file a report of all sales of oil received by them or either of them, under oath, and to pay over to appellants their part thereof, and to direct said receiver to institute such suit or suits as may be necessary to collect the amount justly due to appellants under their said judgment, and for a full and complete accounting; and further specifically alleged:

"That a writ of injunction issue, commanding and requiring said Hunt Production Company to immediately dismiss said suit brought by it in Rusk County District Court, above mentioned, and prohibiting it and the said H. L. Hunt, individually and as trustee, and all other persons acting for and on behalf of said corporation from further prosecuting said suit, and requiring dissolution thereof, and prohibiting the institution and prosecution of any other suit or suits, attacking in any manner your petitioner's judgment aforesaid, and that such other remedies and relief be granted to your petitioner, and such writs and processes or immediate enforcement of your petitioner's judgment and the protection of his rights thereunder, and for such other and further relief, to which he may be entitled in the premises, both in law and in equity, cost of court, and for general and special relief, will ever pray."

Upon being served with citation, defendants (appellees) filed their pleas of privilege to have said suit transferred to Smith, the county of their residence. Appellants filed contests, in which they alleged substantially the same matters as alleged in their above-amended motion, relying upon allegations that such proceeding being a motion to enforce judgment, the district court in which the judgment of April 4, 1932, was rendered, is the only court having jurisdiction to enforce said judgment; and that, therefore, the pleas of privilege are not applicable thereto.

An ex parte temporary injunction was granted on the amended pleading, restraining Hunt Production Company from prosecuting the trespass to try title suit in

Rusk county. Hunt Production Company appealed from the order granting the temporary restraint, and this court, by a majority opinion, affirmed the judgment, the writer dissenting. Hunt Production Co. v. Burrage, Tex.Civ.App., 104 S.W.2d 84.

On January 25, 1937, a hearing was had on the pleas of privilege, a jury impaneled and, at the conclusion of the evidence, the trial court, upon motion of appellees, instructed the jury to return a verdict in their favor, sustaining their pleas of privilege; accordingly, judgment was entered transferring the suit to Smith county, the residence of appellees. From this judgment, this appeal is prosecuted.

We are unable to agree with appellants that the suit, denominated a "motion," is one to enforce the judgment of April 4, 1932. Obviously, appellants seek to recover a judgment for oil runs accruing subsequent to the rendition of said judgment, and accounting, the appointment of a receiver and the granting of an injunction, etc., which issues were not involved in the former suit. There is no relief sought by appellants which could not be awarded by any other court of competent jurisdiction. Appellants allege factual issues which either the appellants or appellees could require a jury to pass thereon; and then, when the factual issues are thus determined, the court entering judgment thereon, either side could take an appeal. This is the identical procedure which would be necessary to follow to obtain the same relief in any other court. It is beyond argument, we think, that appellants in this proceeding are seeking to recover a new judgment, and not the enforcement of the judgment already recovered. The judgment which appellants contend that they are seeking to enforce does not purport to grant any of the relief sought by this proceeding.

To determine the extent of the relief awarded by a judgment, the judgment only must be looked to, aided by such instruments as it refers. A judgment which is so uncertain and indefinite as to require fact findings of a court or jury, to determine the relief it grants, would be void and inoperative. A judgment must set forth the relief intended with sufficient certainty that the relief can be enforced by officers of the court by summary process. It is elemental that all courts are vested with power and exclusive jurisdiction to enforce its own final judgments and decrees. But this power lies in the court itself, to be exercised without the aid of a fact-finding body. The jury is the fact-finding agency of the court, and if to enforce its judgment theretofore rendered, it is necessary to find and determine the facts which were adjudicated by the judgment, such judgment is void as to such facts.

To uphold the contention of appellants that their motion is designed to enforce the judgment would be to permit them to litigate new issues and controversies not mentioned nor attempted to be adjudicated in the judgment involved, and deprive appellees of the right to be sued in the county of their residence, in violation of the plain provisions of the venue statute. Aside from that, the burden of proof rested upon appellants, not only to allege and prove that they have brought suit in the proper county, but they were obliged to allege and prove prima facie at least their right to the relief sought. This, appellants wholly failed to do. No proof was offered of the facts alleged except the existence of the judgment, decreeing to appellants an interest in the 500 acres of land; therefore, we fail to see how the trial court could do otherwise than sustain the pleas of privilege. Thompson et al. v. Duncan, Tex.Civ.App., 44 S.W.2d 508, 509.

In the cited case, which was a suit for damages for libel and slander, this court, speaking through Mr. Justice Looney, said:

"To sustain the contention of plaintiff, we will have to assume, in the absence of appropriate allegations in the contesting affidavit and without proof aliunde, that he was slandered and libeled by Thompson in furtherance of a conspiracy that existed between him and the other defendants, and that at the time of the accrual of plaintiff's alleged cause of action he resided in Dallas county where the suit was instituted. These assumptions we are not at liberty to make, as they involve the very fact or facts necessarily relied upon by plaintiff to confer venue of the suit on the courts of Dallas county, and under article 2007, the burden was upon him, not only to suitably allege their existence in his contest, but on the hearing to make prima facie proof thereof, all of which he failed to do."

There is another well-established rule in this state with reference to pleas of privilege, which we think left

no other alternative for the trial court than to sustain the pleas of privilege. If a person is sued in this state, out of the county of his residence, on two separate causes of action, the venue as to one is in the county where the suit is brought, but the venue as to the other is in the county of the defendant's residence. The defendant is entitled to a change of venue on proper plea of privilege as to the latter cause of action, even though he has submitted himself to the jurisdiction of the court on the prior cause. Plaintiff having set up a new cause of action by amendment, the defendant has the right to file a plea of privilege as to such new cause of action and have the same transferred to the county of his residence. Farnham v. First Nat'l Bank, Tex.Civ.App., 28 S. W.2d 883; Wood et al. v. Fulton Property Co., Tex.Civ.App., 90 S.W.2d 617, 619; First Nat'l Bank of Crockett v. East et al., 17 Tex.Civ.App. 176, 43 S.W. 558.

The judgment in this suit which appellants allege they seek to have enforced calls for no action upon the part of the court or its officers. It is merely declaratory. It gave appellants all the relief which they asked for. They asked for title to the property; this the decree purports to vest them with; they asked for nothing more in their petition; they got nothing more by the judgment. If the judgment vested in them title to the property, then certainly they are entitled to the same use of the property as their cotenant. If, in fact, appellants' cotenant, Hunt Production Company, is bound by the judgment of April 4, 1932, clearly, appellants have a right to sue for an accounting for oil or any other product taken from the land. However, they have no right to sue Hunt Production Company in Dallas county as against a proper plea of privilege, merely because the district court of Dallas county awarded them the land. The title to the land is one thing, and the fruits and revenues from the lands arising long subsequent to the entry of the judgment, is another.

In the Fulton Property Company Case, supra, the defendant was sued out of the county of its residence, and after having filed an answer thus submitting itself to the jurisdiction of the court, the plaintiff amended his petition and asked for the appointment of a receiver. Upon the filing of this amended petition, the defendant was permitted to file a plea of privilege as to the new cause of action, asking for the appointment of a receiver, and the plea of privilege as to this part of the suit was sustained. The following is copied from the decision:

"Article 2312 is not a jurisdictional but a venue statute. Lubbock Ind. School Dist. v. Lubbock Hotel Co. (Tex.Civ.App.) 62 S.W.2d 274, 278. Being a venue statute, it, of course, can be waived, but under the facts we are convinced that the said defendants did not waive their rights under this statute, and that they asserted such rights as soon as the same were available to them under the plaintiff's pleadings; that, under the authorities, the court properly permitted said defendants to withdraw their former pleadings and file their pleas of privilege in due order, and that the court, in order to give effect to the statute, was required to enter its order transferring, at least, the application for appointment of a receiver."

In the case of Black et al. v. Black, Tex.Civ.App., 2 S.W.2d 331, 332, an analogous proceeding was attempted as in the case at bar. One of the parties in a divorce suit went back, in the same proceeding, after decree of divorce had been entered, and filed what he designated a motion for contempt and for custody of the children. A plea of privilege was filed by the defendant as to this motion and the Court of Civil Appeals of Eastland, opinion by Judge Hickman, held that even though this was called a "motion," it was "nevertheless, an original petition."

The case of Keith v. Keith, Tex.Civ. App., 286 S.W. 534, 536, is another instance in which the plaintiff designated his petition as a "motion." In that suit, also, the court held the plea of privilege would lie to the cause of action asserted in said motion. The following quotation is from this opinion:

"Though designated as a motion, the appellee's petition or application for a change of custody was in effect an independent suit. It contained sufficient allegations to constitute an independent cause of action, and citation with certified copy of such pleading was served upon appellant as if it were an independent suit. No fraud, accident, or mistake in the original judgment is alleged, and no effort is made to correct or reform it, in any of these respects. The change sought to be made and the relief asked

for is based upon an entirely new, distinct, and different state of facts from those upon which the original decree awarding custody to appellant was entered. The so-called motion must be treated as an independent suit, and appellant's plea of privilege, which was not controverted, should have been granted."

The further contention is made that the affirmance of the judgment of the lower court (Hunt v. Burrage, Tex. Civ.App., 104 S.W.2d 84, supra), temporarily restraining the Hunt Production Company from prosecuting a suit in trespass to try title filed by it in Smith county, was an adjudication of the issues involved here, therefore binding upon the trial court. We cannot agree with this contention: The only issue before this court on that appeal was the validity of the temporary restraining order, because of a pending suit in Dallas county. In that appeal, it was not necessary for this court to pass upon the question of venue presented in the present appeal, and any discussion regarding the issue here involved, manifestly, is obiter dicta, not being a matter required by the court to pass upon in the appeal.

The writer expresses the opinion that this entire record presents a situation where at least one of the parties, Hunt Production Company, has been deprived of its property without its day in court. I think the court was clearly in error when it dismissed the appeal of H. L. Hunt, trustee, referred to above (Hunt v. Burrage, Tex.Civ.App., 84 S.W.2d 1098), and in not permitting him to prosecute his appeal to a conclusion on behalf of his grantee, Hunt Production Company. He was denied the right merely because he had transferred pendente lite the property in question to the corporation in which he was assigned stock, to the same proportionate interest as he owned in the land while it stood in his name as trustee. He was affected in the same way and injured to the same extent by the judgment after the transfer of the property, as before. Any litigant is entitled to his day in court, before he will be deprived of his property or liberty. Hunt Production Company had never had its day in court when H. L. Hunt, trustee, was restrained by this court from prosecuting the appeal. The right to be heard in the appellate court is as valuable and as fundamental to an aggrieved party as

is the right to be heard in the trial court. H. L. Hunt, individually and as trustee, and Hunt Production Company, undoubtedly were grievously affected by the judgment appealed from, which deprived each of them of 2 acres of land, without due process. It should not have been assumed, in the absence of pleading and proof, that Hunt Production Company acquired the 500 acres of land from H. L. Hunt, with limitation or restriction of title, as the law presumes that every conveyance of land, not expressly limited or restricted, carries with it a warranty from the grantor. Article 1297, R.S.1925. A warrantor of title is an aggrieved party in an appeal involving title to land conveyed, and the fact that the land was sold pending the suit is no ground to hold the issue of title moot, as was held by this court.

The contention is made by appellants that the pleas of privilege here involved were waived. We think the matters relied upon to show waiver are not sufficient to sustain the contention. This record reveals that appellees, after being duly served with citation on the pending motion, have consistently urged their pleas of privilege, and nowhere does the record disclose that they have done anything which would constitute a waiver of the pleas of privilege.

Assignment of error on the action of the trial court, in sustaining the pleas of privilege, is also based on the judgment of this court in affirming the judgment of the trial court, overruling appellees' first pleas of privilege, directed against appellants' original motion.

It will be observed that, in the opinion of this court (Hunt v. Burrage, 95 S.W.2d 202, 204), it was expressly held that the filing of the supersedeas appeal bond destroyed not only the plea of privilege there under consideration, but plaintiffs' motion as well, and the court declined to express any opinion upon the pleas of privilege involved in the present appeal, saying: "The issue, therefore, raised on this second plea of privilege is not passed upon by this court, and we express no opinion as to the contention made by either party on the issue of venue raised by the second plea of privilege."

Be that as it may, if this court in the former appeals ruled upon the identical issue as raised by this appeal,

which idea the opinion excludes, we are not thereby precluded from again considering the same issue upon this appeal. There is nothing in the law of this state to prevent an appellate court from considering all issues properly before the court, and making such rulings now as it deems proper under the record in the case, irrespective of former opinion. Kempner v. Huddleston, 90 Tex. 182, 37 S.W. 1066; Green v. Priddy, 112 Tex. 567, 250 S.W. 656.

We have carefully considered all appellants' assignments of error and, finding no error in the action of the court below, the judgment sustaining the pleas of privilege is affirmed.

Affirmed.

LOONEY, J., dissents.

YOUNG, Justice (concurring).

The parties hereto are fully aware of my disinclination to participate in this appeal, by reason of my connection with the suit upon original trial. It has been held, however, by Chief Justice Gaines in Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 63 S.W. 860, 64 S.W. 778, "The grounds of disqualification of the judges of the courts of this state are specified in the constitution, and they are exclusive of all others; and the fact that a judge may have tried the case in a lower court, or participated in the decision in such court, is not made one of them. Const. art. 5, § 11."

This case was not transferred out, upon equalization of the appellate dockets by the Supreme Court on January 1st. Therefore, under the above direct pronouncement of our highest tribunal, and since my associates have not been able to agree upon a decision hereof, it becomes my duty to act. The parties at interest are entitled to a determination of their rights on appeal, and the assumption by me of this rather delicate responsibility is the only method by which such a disposition can be accomplished. I concur in the conclusions reached by Chief Justice BOND.

LOONEY, Justice.

I dissent from the decision of the majority, and will state my reasons. The majority opinion by Chief Justice BOND correctly states the issue of law involved, as follows: "Appellants contend that the proceeding to which the pleas of privi-

lege are directed has for its purpose the enforcement of a certain judgment rendered on April 4, 1932, and that the court rendering the judgment is the only court having jurisdiction to enforce it; therefore, that no plea of privilege will lie to said proceeding. * * * Appellees contend that the proceeding instituted by appellants is a new suit, seeking recovery of a new judgment, on a new and independent cause of action from that adjudicated in the foregoing judgment."

It is my opinion that, in prior litigation between the parties, the question involved here was adjudicated and settled against the contention of appellees, and contrary to the holding of the majority.

In Hunt Production Co. v. Burrage, Tex. Civ.App., 104 S.W.2d 84, appeal dismissed, the majority opinion contains a recital of the events and litigation between the parties that led to the case then under consideration, and also to the case now under consideration. The question there involved was as to the validity of an injunction, restraining Hunt Production Company from prosecuting a trespass to try title suit filed in the district court of Rusk county, involving a subject-matter that previously had been definitely and finally settled in favor of Burrage by judgment of the court below, the injunction being ancillary to a pleading filed or proceeding begun by Burrage for the enforcement of said judgment, the said pleading or proceeding being the same against which the plea of privilege under consideration is urged. The decision in the injunction case turned on the character of said pleading, and, as will appear, the decision of the instant case will also turn on its character—that is, whether, as contended by appellants, it was merely a proceeding before the court rendering the judgment for its enforcement, or, as contended by appellees, it was the beginning of a new and independent suit.

In the instant case, the majority opinion proceeds on the idea that the pleading or proceeding against which the plea of privilege was filed was a suit within the meaning of the venue statute. This is precisely the argument made by Judge Bond in his dissenting opinion in Hunt Production Co. v. Burrage, Tex.Civ.App. 104 S.W.2d 92, 93, but the question was decided adversely to that contention, as will appear from an excerpt from the opinion in Hunt Production Co. v. Burrage, page 88, as follows:

"So we conclude that, if the motion or petition filed below by Burrage constitutes an effort on his part to have the court enforce and render effective its judgment, the writ of injunction prohibiting Hunt Production Company from prosecuting the suit pending in the district court of Rusk county (subject to future orders) being ancillary, was authorized and proper, either with or without the giving of bond as a condition precedent to the issuance of the temporary writ of injunction, the statute (article 4649 R.S.) not being applicable to the situation. Neill v. Johnson (Tex.Civ.App.) 234 S.W. 147, 150.

"On the other hand, if the proceeding, in essence and legal effect, constitutes and is a separate and independent action based upon the judgment, the injunction should be dissolved; because, in the first place, no bond was either required or given as a condition precedent to the issuance of the writ, as required by article 4649, R.S. [White v. Perkins' (Tex.Civ.App.) 65 S.W.(2d) 423; Johnson v. McMahan (Tex.Civ.App.) 40 S. W.(2d) 920; Rogers Ranch Co. v. Darwin (Tex.Civ.App.) 89 S.W.(2d) 828]; and, in the second place, even if the writ to stay proceedings in the trespass to try title suit, pending in the District Court of Rusk County was properly granted, it should have been made returnable to that court, the only court having jurisdiction to try the case. Article 4649, R.S.; Switzer v. Smith (Tex.Com. App.) 300 S.W. 31, 68 A.L.R. 377.

"So, reverting to the original question, that is, was the proceeding begun by Burrage simply an effort to have the court enforce its judgment, or was it the institution of an independent action based upon the judgment? In determining such a question, the Supreme Court, in Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577, 579, said: 'The proper test of the question therefore is, not whether the suit recognizes or repudiates the effect of the judgment, since that does not necessarily involve the jurisdiction of the court, but whether it amounts to an interference with its due enforcement and therefore invades a jurisdiction it is forbidden to trench upon.' In applying this test, each case must be determined on its own peculiar facts and circumstances. The judgment under consideration was not rendered under usual or ordinary circumstances; the suit was not by one individual against another, in which judgment for a specific interest in land was recovered, but being one of many owners of fractional undivided interests in a large leasehold acreage in the hands of a receiver being administered for the benefit of certificate owners, Burrage was entitled, not only to the confirmation of his undivided interest in the land, but also to a proportionate share of the oil runs therefrom. As shown before, the 500-acre tract in which Burrage established an undivided interest was dismissed from the receivership at the instance of Hunt and others on an allegation, to the effect that they owned the entire interest in the acreage, although at that time Burrage —who was not a party to nor did he have prior notice of the proceeding that resulted in the release of the property from the receivership—owned an undivided interest upon which he intervened, that subsequently matured into a judgment. We think it obvious that, if that situation had been brought to the court's attention, the property would not have been discharged from the receivership, without some suitable provision being made for the protection of Burrage's interest. From the inception of the receivership, October 31, 1930, to April 18, 1931 (the date of the order releasing the 500 acres from the custody of the receiver), the leasehold in question was in possession of the receiver, and from the latter date to the date of the Burrage judgment (April 4, 1932), it was in the possession of Hunt and others. The effect of the judgment was, not only to confirm the right of Burrage to an undivided 2-acre interest in the 500 acre leasehold, but necessarily also confirmed his right to a proportionate share of all oil runs to the date of judgment. The trespass to try title suit filed by Hunt Production Company against Burrage seeks to relitigate the title to the 2-acre undivided interest already determined finally in favor of Burrage as to Hunt and those for whom he acted as trustee and, under the statute quoted and applicable rules of law, was also binding upon Hunt Production Company, which was organized and acquired title to the property after the judgment was rendered. The prosecution of the suit, in our opinion, can have no effect other than to embarrass, hinder, frustrate, and delay the final and successful enforcement of the judgment in favor of Burrage.

"We hold that the proceeding filed by him should not be considered an independent suit, but an effort to secure the enforcement of his judgment, and that the writ of injunction, being purely ancillary to the main proceeding, was authorized as a means of effectually enforcing the judgment. We

therefore affirm the judgment of the court below."

In dismissing Hunt Production Company's application for writ of error, for want of jurisdiction, the Supreme Court, necessarily, approved the correctness of the decision of this court, and in doing so necessarily approved the holding that alone authorized the decision—that is, that the proceeding begun below had for its purpose the enforcement of a judgment, and that the injunction was simply an ancillary remedy. In view of this situation, I think the following conclusions inescapable—that is, that the trial court, in granting the injunction restraining Hunt Production Company from prosecuting the suit in Rusk county; this court, in affirming its judgment; and the Supreme Court, in dismissing the application for want of jurisdiction, impliedly affirming the correctness of our holding—each, necessarily, acted upon the idea that the proceeding in the district court was simply a proceeding begun for the enforcement of the judgment in question; therefore, the adjudication constitutes and is now a part of the law of the case.

The court rendering judgment in favor of Burrage (the court below) alone had jurisdiction to enforce it, hence the proceeding invoking its power to that end is not a suit within the meaning of or controlled by the general venue statute; and, as a corollary, the plea of privilege urged by appellees is not an applicable remedy. The court below having issued the injunction as ancillary to said proceeding, in my opinion should summarily have dismissed the plea of privilege, as a matter of law, because inapplicable and unauthorized; consequently, I think the court erred in hearing and in sustaining the plea, thereby transferring to the district court of Smith county a proceeding for the enforcement of a judgment rendered by the district court of Dallas, county.

It may be true that, the pleading for the enforcement of the judgment, filed by appellants, alleged facts that cannot be proved, and invoked remedies and sought relief to which they are not entitled; but these are matters addressed to the discretion of the trial court, to be considered when the pleading is heard.

The majority opinion also stresses the fact that appellant failed to introduce any evidence when the contest was heard. The proceeding for the enforcement of the judgment not being a suit within the meaning of the statute, its venue could not have been changed, therefore, the plea of privilege not being applicable, the question presented was one of law and not of fact.

It is also argued by the majority that Hunt Production Company did not have its day in court in the litigation that resulted in the judgment in favor of Burrage for the recovery of a 2-acre interest in the 500-acre tract. This position was also advanced and argued by Judge Bond in his dissenting opinion, in Hunt Production Co. v. Burrage, Tex.Civ.App., 104 S. W.2d 93, 95. Although I do not regard that a relevant matter in the present case, yet the question was also discussed in the majority opinion in that case (104 S.W.2d 84, 87), and was disposed of as follows: "A contention that runs through the discussion is that, as neither Hunt nor Hunt Production Company had his or its day in court, the judgment in favor of Burrage was not binding on either. To this we cannot agree. Hunt, individually and as trustee, had his day in court on the hearing of the issues presented in his bill of review, and Hunt Production Company (the creature of Hunt and those he represented as trustee), having been organized and becoming purchaser of the land from Hunt during the pendency of the intervention by Burrage and after he had obtained judgment, stands precisely in the shoes of Hunt. The provisions of article 7391, R.S., are in point, reading: 'Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action.'"

For reasons stated, I think the decision of the majority is erroneous, in conflict with the decision of this court, and necessarily also in conflict with the implied holding of the Supreme Court in Hunt Production Co. v. Burrage, supra, therefore, am of opinion that the court should have reversed the judgment of the trial court and dismissed the plea of privilege.

On Rehearing.

BOND, Chief Justice.

Appellants' motion for rehearing advances no new idea or reason for setting aside the judgment of the trial court sus-

taining appellees' plea of privilege. Much of their complaint is trivial, inconsequential, and extremely hypocritical.

(1) In copying the judgment of the trial court, which dismissed appellant and the 500 acres from the original suit, we inserted the parenthetical words "above owners" in the clause, reading, "and the right of possession thereto shall revert to and vest in the various owners thereof (above owners), as their interests might appear. * * * " The words "above owners," obviously, added nothing to the language or meaning of the judgment, merely a reference expression, and having been used in records on former appeals of this case without challenge, the parenthetical words were thus inserted. We correct the recited judgment, eliminating the objectionable feature.

(2) In reciting the incidents to this suit, the statement is made in our opinion: "Upon being served with citation, the defendants (appellees herein) H. L. Hunt, trustee, and Hunt Production Company filed pleas of privilege in statutory form, alleging their residence in Smith county. * * * " Appellants' complaint is directed to the term "Upon being served with citation," when, in fact, a notice only was served upon the adverse parties. The term "citation" carries with it the meaning that the person or persons named therein shall appear on the day named and do something therein mentioned, or show cause why he should not. "Citation" in law means the summons by which a defendant is notified to appear in the action.

We employed the term "citation" in the sense of notice, bringing the defendants into the jurisdiction of the trial court and commanding them to appear and answer appellants' petition. It is immaterial whether the process or writs, commanding the defendant to appear and answer plaintiffs' petition, be called a "notice" or a "citation," the purpose of it being to confer jurisdiction on the court to act on an alleged new and independent cause of action. The trial court recognized the necessity to give the notice demanded by the plaintiffs' petition, to enable the court to award the remedy and relief for which the plaintiffs sought; thus, in keeping with the averments and prayer of plaintiffs' petition, the trial court directed notices to be issued and served on the defendants, which clearly would not have been necessary if plaintiffs' action be one merely to enforce judgment theretofore entered against the defendants.

It will be observed that, in appellants' so-called "Amended Motion to Enforce Judgment," they sought affirmatively judgment for their portion of oil runs, which is alleged to be one million dollars; also, a full and complete accounting, the appointment of a receiver and injunctive relief, which issues were not raised in the original suit, and concluded their petition with the following prayer:

"Wherefore, your petitioner prays that this amended motion be set for hearing at an early date, and that notice be given to the said H. L. Hunt, individually and as trustee, and to said Hunt Production Company, both of whom reside in Smith County, Texas, to appear and answer herein and upon hearing, that the Court grant this motion, and award the remedy and relief above prayed for and resume possession of all the property through said receiver, Ernest R. Tennant, with authority to operate the wells upon said property and to pay over to your petitioner his part thereof, and to protect the possession of said Receiver by writs of injunction or other appropriate process, and to require the said Hunt and said Hunt Production Company to file a report of all sales of oil and all oil received by them or either of them, under oath, and to pay over to this petitioner his part thereof, and to direct said Receiver to institute such suit or suits as may be necessary to collect the amount justly due to your petitioner under his said judgment, and for a full and complete accounting. * * * And that such other remedies and relief be granted to your petitioner, and such writs and processes as immediate enforcement of your petitioner's judgment and the protection of his rights thereunder, and for such other and further relief, to which he may be entitled in the premises, both in law and in equity, cost of court, and for general and special relief, will ever pray."

If the "motion to enforce judgment" was not a suit calling for the adjudication of new and independent matters, we fail to see why any citation or notice was necessary to bring the defendants into the jurisdiction of the trial court, commanding them to "appear and make answer to plaintiffs' petition." A motion to enforce judgment undoubtedly calls for no such action.

A judgment must stand or fall upon its recitals. Evidence produced on a hearing may not be looked to in aid of the judgment; otherwise, many judgments, good on their face, would be bad in the light of the evidence, and many bad on their face would be good where the evidence makes out a case, if it had been inserted.

Plaintiffs' petition having sought remedies and reliefs, requiring evidence to establish defendants' liability, and having demanded that notice be given, commanding defendants to appear and answer their petition, and a trial on the merits of their petition, is, we think, a recognition by them that they are seeking a new and independent cause of action. A motion to enforce a final judgment already entered carries with it no such prerequisites to confer jurisdiction on the trial court.

(3) Appellants complain of our opinion, which recites that: "At the same time (when defendants filed plea of privilege) filed a supersedeas bond in the appeal of Hunt v. Burrage, supra"; when, in fact, the supersedeas bond was not filed until the trial court overruled the plea of privilege. Manifestly, the time of filing of the supersedeas bond was not an issue in the former appeal of this cause; the concluding factors being that it was filed in the court below and an appeal perfected to this court, causing this court to hold that appellants' original "motion to enforce judgment" and appellees' former plea of privilege were rendered nugatory. Indeed, the supersedeas bond was not filed in the court below until after the hearing of appellees' former plea of privilege, judgment entered, and the appeal to this court perfected; accordingly, our finding will be corrected to conform to appellants' complaint.

(4) Appellants further complain of the recitation in the opinion, reading: "After the original 'motion to enforce judgment' had been rendered nugatory by the action of this court, appellants, on November 9, 1935, filed in said cause what they designated as their 'amended motion to enforce judgment', alleging substantially the same cause of action as in their original motion. * * *" Appellants' complaint centers on our finding that the amended motion was filed "after" the original motion was acted upon by the Court of Civil Appeals, when, in fact, the amendment was filed "before" the decision was entered. Whether it was filed before or after the decision, obviously, is immaterial. It is true that, at the time the decision denouncing the original motion and defendants' pleas of privilege as being nugatory, plaintiffs' "amended motion to enforce judgment" and defendants' pleas of privilege here involved, were then pending in the trial court. Consequently, the finding will be corrected, to show that the "amended motion to enforce judgment" was filed while the judgment of the trial court on the original motion was pending in the Court of Civil Appeals.

In keeping with the above, we correct our original opinion, and, as corrected, adhere to our former conclusion.

Appellants' motion for rehearing is overruled.