## TURMAN v. TURMAN.
### No. 4105.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1934.

Rehearing Denied April 12, 1934.

Rufus S. Garrett, of Fort Worth, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, for appellee.

LEVY, Justice.

The certified questions have been answered [(Tex. Com. App.) 64 S.W.(2d) 137, 140] and sustain the former ruling of this court [46 S. W.(2d) 447, 450] in the particular matters certified. This court concluded, and determined on the original hearing of this appeal, as appears in the original opinion, that "the decree as entered on December 17, 1930, being in effect and purpose merely a correction or modification of certain terms of the division of property as provided in the original decree, would likewise fail of force, because of the legal invalidity of the original decree of October 2d of which it was a modification. It is here observed that the appearance of defendant to have the decree set aside constitutes in legal effect an entry of appearance by him for all future proceedings and trial on the merits." The following observation was made in the opinion of the Commission of Appeals:

"It is suggested by appellee that, even if some character of notice was necessary and the entry of the judgment of October 2 was error, the judgment of December 17, 1930, did justice between the parties, and was a new or modified judgment rendered on hearing with appellant's counsel present and refusing to offer any evidence, after he had filed motion for new trial. In answering certified questions, the Supreme Court is confined to a consideration of the questions submitted in the certificate of the Court of Civil Appeals [Slater v. Ellis County Levee Imp. Dist., 120 Tex. 281, 36 S.W.(2d) 1014], and therefore we do not pass upon that contention, but only upon the questions certified."

Therefore the further question is again presented in this motion for determination of the validity of the decree of December 17th, as entered.

The judgment of December 17th recites the following facts:

"On this the 17th day of December, A. D. 1930, came on to be heard plaintiff's motion for modification of the judgment herein rendered on October 2, 1930, and defendant's second amended motion for new trial.

"And it appearing to the court that this suit was filed on September 1, 1930, and defendant was duly served, and that on September 19th the defendant together with his wife, the plaintiff, procured a dismissal, and the defendant on the night of September 22nd left the State and took with him certain money and stocks belonging to the community estate of himself and his wife, together with both of the children of such marriage, and secreted himself and them; and that plaintiff having on September 25th filed a motion for reinstatement, said cause was on such date reinstated, and thereafter, on October 2, 1930, the defendant failing to appear judgment was rendered against him.

"And thereafter on October 11, 1930, defendant appeared and filed motion and exceptions attacking the judgment on its merits and the sufficiency of the evidence, and attacking also the jurisdiction of the court, and on the same date plaintiff filed her motion for modification of said judgment, and accordingly the court set the same for hearing on November 3rd, and on such date last named defendant filed a second amended motion in which he again attacked the judgment on the merits, the jurisdiction of the court, and sought to have the judgment of October 2, 1930, set aside and new trial granted.

"And it further appearing to the court from the evidence adduced at such hearing, together with the evidence previously offered in said cause, and agreed by both parties in open court to be considered as a part thereof, that defendant had actual notice before he left the State on September 22nd that plaintiff would proceed to have said cause reinstated; and that the procurement of the order of dismissal of September 19th was by defendant in contemplation of his departure and removal of the property and children on September 22nd and in fraud of plaintiff's rights, and of the court; and that defendant still retains beyond the jurisdiction of this court all of the property and money which he took away on September 22nd and has not returned such property, although ordered so to do and the receiver appointed by this court has been unable to secure possession of same from the defendant; and it appears to the court that defendant was at fault in failing to appear and present his defense in said cause on and before October 2, 1930, and that defendant's failure in respect thereto was without any valid excuse, it accordingly appears to the court that it had authority to reinstate said cause and jurisdiction to render the judgment of October 2, 1930, against the defendant.

"But it further appearing to the court after the conclusion of the evidence adduced, at said hearing on November 3rd that said judgment should be modified in respect to the property, and thereupon at the request of the defendant and with the agreement of the plaintiff, said request having been made by defendant in contemplation of a new trial, the court appointed Ernest May master to inquire into the property issues in said cause in accordance with an order of appointment as prepared and requested by defendant, and entered by the court on the 21st day of November, 1930; and said master having made his report on the 17th day of December, 1930, and plaintiff and defendant on such date having stated in open court that they had no objections thereto, the same was accordingly received and ordered filed and approved.

"And the court having further, after due notice to both parties, on this day granted leave to defendant to offer further evidence in support of his motion to set aside the judgment and for new trial, and the defendant announcing that he was not prepared at this time to offer further evidence, the court offered to set December 29th, 1930, for a continuation of the hearing of evidence on motions of both plaintiff and defendant, neither of which having been disposed of, and an offer to grant defendant an opportunity at such time to offer any and all evidence he desired in support of any issues in said motion, and defendant refusing to agree to continue such hearing, announced that he did not desire to offer any further testimony in support of said motion, and requested immediate ruling thereon, and announced that he stood on the evidence therefore introduced; the court is of the opinion that said motion of said defendant should be and the same is hereby overruled, but that said judgment should be and the same is hereby modified as hereinafter shown, and as provided herein," etc.

And the evidence in the record clearly reflects the sole ruling of the court to be as orally announced by the court, namely:

"I therefore am going to overrule the motion (of defendant) for new trial and I am going to reform (on the motion of the plaintiff) the judgment giving Mrs. Turman a judgment for one half of these properties, one half of the money taken by Mr. Turman, and give her a lien on the other half of these oil properties."

 Also the face of the order or decree of December 17th shows that it was the "plaintiff's motion for modification of the judgment rendered herein on October 2, 1930," and the "defendant's second motion for new trial" that the court on "the 17th day of December A. D. 1930," was hearing and determining. This ruling then brings into consideration the two motions. On October 11th the appellant filed a motion to vacate the judgment of October 2d, and grant a new trial. It was claimed in such motion, and established as a fact, that no summons had been served on the appellant or any notice had been given of the reinstatement of the cause or of the amended petition on which the decree was rested. Afterwards, on October 13th, the appellee filed a motion seeking to have the decree of October 2d modified or changed in the respects, namely, (1) by awarding appellee one-half of all community property, instead of the whole as awarded by the decree, and (2) by giving appellee personal judgment for $500,000 instead of $250,000 as awarded by the decree, and (3) by establishing a lien on the appellant's one-half interest to secure the money judgment and ordering a sale of appellant's half of the community property to pay the money judgment, all of which being additional relief not granted in the original decree. The two motions were separate and distinct. The motion for new trial had no application to the motion to amend the judgment. The motion to amend the judgment was not a motion for new trial. The relief sought by the two motions was in purpose and effect separate and apart. It will be observed that the order or decree of December 17th, hearing and determining the two motions, distinctly overruled the motion for new trial and did not vacate and set aside the decree of October 2d. That the order or decree of December 17th was in operation and effect a substantial change in judicial action of a part of the original decree. The granting of a divorce and the custody of the minor children remained in force and was not disturbed. It is believed that in the circumstances the ruling of this appellate court in the first instance upon original hearing is correct, that the order or decree of December 17th must fail of force because of the legal invalidity of the original decree of October 2d of which it was a modification or change in part. That the appellant having no notice and not having made appearance in the decree of October 2d on which such decree of December 17th rested, the court had no authority to modify or change it in the particulars named. So far as the amendment or change is concerned, it was not authorized for lack of notice of the

original decree. The appellee's right to the relief of modification or change in judicial action as to the property depended on the right to divorce. If the appellee had no legal decree of divorce for lack of jurisdictional basis, she had no right to the relief of the amendment or change in judicial action in the particulars named. A court ordinarily has full power upon sufficient cause shown to amend, correct, or revise its orders. 34 C. J. § 436, p. 207; 15 C. J. § 395, p. 975. But an order allowing a correction or amendment involving a substantial change in the judicial action already taken must have a jurisdictional basis for the amendment of due notice to the opposite party. The power of amendment cannot be employed to bring within the decree parties who were not previously before the court. If the decree of October 2d was, as previously ruled, unauthorized or void for lack of service or notice to appellant, then such decree was not subject to change or modification in part only, as appears was done. The decree of October 2d as pertains to the divorce was not revoked and a second decree upon hearing made on December 17th. The appellant was present urging a new trial and vacation of the decree of October 2d as being without summons or notice to him. In operation and effect the order or decree of December 17th denied the vacation and revoking of the portion of the previous decree of October 2d as pertains to the divorce, but modified and substantially changed the judicial action respecting other portions affecting property. The motion of appellee did not ask change in the decree of October 2d as to the divorce, but only as affecting property. If the appellant had been a party to the decree of October 2d, then jurisdictional basis for the amendment of such decree in the material particulars may have been had upon the notice of the motion for such change which appellant had through appearance by motion for new trial. But the simple fact that the appellant filed a motion for rehearing of the decree of October 2d for lack of summons upon him and the time was extended for the consideration of such motion, would not show jurisdictional basis for the change of a portion only of the decree of October 2d. As hereinbefore stated, the appellee's right to have adjudication of division of the property depended on the validity of the grant of a divorce.

■ The order of October 28, 1930, appointing a receiver and the order of December 17, 1930, extending the receivership may be deemed valid as an interlocutory order, the defendant by appearing through motion for new trial, having in force and effect notice thereof.

The motion for rehearing is overruled.