**BURRAGE et ux. v. HUNT et al.**

**No. 5691.**

Court of Civil Appeals of Texas. Texarkana.

Jan. 30, 1941.

Rehearing Denied Feb. 6, 1941.

J. Lee Zumwalt and John W. Pope, both of Dallas, for appellants.

McEntire & Shank, of Dallas, and L. L. James, of Tyler, for appellees.

HALL, Justice.

This action was brought in the 44th District Court of Dallas County by appellants against appellees, and had for its purpose the collection of the money alleged to be due them for oil produced and sold from an undivided two acres of land theretofore awarded to appellants on April 4, 1932, by said 44th District Court by an order entered in the case of Adkins v. Joiner. The undivided two acres was a part of a 500-acre tract of land known as the Daisy Bradford tract located in Rusk County, Texas, in the East Texas oil field.

To this action appellees filed a plea of privilege to be sued in Smith County, the

county of their residence. This plea was sustained and the case was transferred to Smith County. Upon the merits, appellees averred that the judgment of the 44th District Court of April 4, 1932, entered in the case of Adkins v. Joiner, awarding title to the undivided two acres of land to appellants, was void for the reason that it affirmatively appeared from the record in that case that the 44th District Court of Dallas County did not have jurisdiction of either the parties or the subject-matter affected by said judgment. To this phase of appellees' answer appellants leveled a plea in abatement in which it was contended that:

"From the judgment of the court of date June 10, 1933, overruling the motion of Hunt, individually and as Trustee, seeking to set aside the judgment in behalf of Burrage, the said Hunt, individually and as Trustee, appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, by filing and having approved a bond for cost on June 15, 1933. The Court of Civil Appeals on the 25th day of May, A. D. 1935, by its order and judgment dismissed said appeal, thereby affirming the judgment of the trial court and affirming the original judgment of April 4, A. D. 1932, rendered in behalf of Burrage.

" * * * that thereby, said judgment is res adjudicata and bars and concludes said Hunt, or any person claiming under him, from attacking the validity and finality of the Burrage judgment of date April 4, A. D. 1932."

Appellants also alleged as a plea in bar based upon the judgment of the 44th District Court of Dallas County dated October 31, 1936, restraining the prosecution by appellees of a suit in trespass to try title filed in Rusk County against appellants relating to the title of the two undivided acres of land, which judgment was affirmed by the Court of Civil Appeals, writ of error dismissed by the Supreme Court. Many other averments are contained in the lengthy petition of appellants, and answer of appellees, which are not set out herein for the reason that this opinion will be grounded solely on the effectiveness of the judgment of April 4, 1932. A very comprehensive statement of the litigation between the parties hereto leading up to the time of the trial of this case will be found in Hunt v. Burrage, Tex.Civ.App., 84 S.W.2d 1098; Id., Tex.

Civ.App., 95 S.W.2d 202; Hunt Production Co. v. Burrage, Tex.Civ.App., 104 S. W.2d 84, and Burrage v. Hunt Production Co., Tex.Civ.App., 114 S.W.2d 1228, to which reference is here made. Repetitions of parts of said statements will be indulged in, only when necessary to a proper understanding of the issue here under discussion.

Trial was to a jury on special issues. Both appellants and appellees made motion for judgment on the verdict of the jury and non obstante veredicto. Appellees' motion non obstante veredicto was sustained and the court entered judgment overruling appellants' plea in bar, holding void the judgment of April 4, 1932, awarding the undivided two-acre interest in the Daisy Bradford 500-acre tract to appellants, and that appellants "recover nothing by reason of their suit."

Appellants bring forward 85 propositions based upon 95 assignments of error. Several of these complain of the action of the trial court in overruling their plea in bar and holding the judgment of April 4, 1932, void; typical of these are their propositions Nos. 3 and 4 as follows:

"No. 3: The trial court, on October 31, 1936, issued a writ of injunction against the Hunt Production Company, prohibiting the prosecution of the suit in trespass to try title brought by the defendant against said Burrage, seeking recovery of the property vested in him by his judgment of April 4, 1932. The injunction was issued after the Hunt Production Company had filed an answer asserting the judgment of April 4, 1932, to be void. The trial court, in issuing said injunction overruled the attack upon the judgment, and upon appeal, the Court of Civil Appeals affirmed the judgment of the trial court. The record shows that all the defendants are in privity with the said H. L. Hunt. Therefore, the judgment was binding upon all the defendants and barred and concluded them from, in any manner attacking the plaintiff's judgment. The court, therefore, erred in overruling plaintiffs' plea in bar."

"No. 4: The record shows that upon the Bill of Review proceedings, the trial court, on June 10, 1933, denied any recovery, and held that the judgment of April 4, A. D. 1932, in behalf of Burrage, was valid and final. Upon appeal, the Court of Civil Appeals affirmed the judgment of the trial court. Its mandate was

duly issued and filed with the trial court, and which required the trial court to enforce and make effective said judgment. The defendants herein are in privity with the said H. L. Hunt, and the adjudication was and is binding upon them. The court, therefore, erred in overruling plaintiffs' plea in bar."

On October 27, 1930, C. R. Adkins and another instituted suit against C. M. Joiner, trustee, in the 44th District Court of Dallas County praying for appointment of a receiver and for partition of certain oil leases held by Joiner in Rusk County, Texas, upon which Joiner had brought in the discovery well of the East Texas oil field. On October 31, 1931, Ernest R. Tennant was appointed receiver by the 44th District Court of Dallas County, qualified as such, and took possession of all the Joiner, trustee, oil and gas leases, including the 500-acre Daisy Bradford lease, hereinafter referred to as the 500-acre tract. Shortly thereafter Tom C. Clark was by said District Court appointed master in chancery. On January 3, 1931, H. L. Hunt and a number of other persons filed an intervention in the Adkins v. Joiner suit (hereafter referred to as the Adkins suit) alleging that they were the owners of the leasehold on the 500-acre tract, and seeking its dismissal from said Adkins suit. On April 7, 1931, appellant Richard W. Burrage filed his intervention in this original case, alleging that:

"* * * on August 28, 1928, one W. J. Gamble of the County of Dallas, State of Texas, being accompanied by ——— Joiner, a son of C. M. Joiner, came to your intervenor's home town, McKinney, Texas, on said date, and did at said time, acting as the agent and representative of the Joiner Oil interests or the Joiner Oil Well in East Texas, sold to the intervenor an undivided interest in and to the C. M. Joiner oil properties in East Texas, and that your intervenor at said time, executed and delivered his check made payable to the order of W. J. Gamble drawn on the First National Bank of McKinney, Texas, for the sum of $50.00 with a notation on the face of said check reading as follows:

"'C. M. Joiner Lease and Oil Well Syndicate, Overton, Texas.'

"That the said check was indorsed by the said W. J. Gamble and was duly paid.

"That your intervenor spends most of his time in the State of New Mexico and has not had occasion to keep in touch with the progress made by the Joiner Lease & Oil Well Syndicate. Your intervenor further alleges and shows to the court that at the time he executed and delivered his said check for the sum of $50.00 that said agents and representatives of the said C. M. Joiner stated to him that a certificate of interest or stock would be immediately issued and sent to your intervenor, and your intervenor alleges that no certificate of interest nor any stock of any character whatsoever has thus far been delivered to him, and says that by reason of the transaction herein alleged, and the acceptance and use of the monies passed and delivered by the said C. M. Joiner Lease & Oil Well Syndicate, your intervenor has an interest therein in proportion to his said purchase and asks this court to hear evidence upon this claim, and to determine the undivided interest of your intervenor of said concern and to fix said interest by judgment in this court.

"Wherefore your intervenor prays that a hearing be granted him upon this petition in intervention, and that upon full consideration thereof, he be granted a decree or order of this Honorable Court fixing your intervenor's interest in said syndicate as the facts will warrant."

On April 18, 1931, H. L. Hunt and his associates amended their original intervention theretofore filed on January 3, 1931, and alleged that they were the sole owners of the leasehold on the 500-acre tract, and prayed for a hearing before the master on their amended intervention and for a dismissal from the Adkins suit of the leasehold estate covering the 500-acre tract. This hearing was had, and on the same date the 44th District Court of Dallas County entered its judgment which, after describing the 500-acre tract, decreed as follows:

"And it appearing to the court from the findings of the Honorable Tom C. Clark, Master in Chancery herein, and from the evidence adduced before the court, that said above named parties are the only parties of record claiming any right, title or interest in or to said above described property, and that said motion should be granted, and said partition suit and receivership, in so far as it applies to them and said above described property should be dismissed;

"It is therefore considered by the court, and so Ordered and Decreed that said above styled and numbered cause, in so far as it applies to the said above described property and to that extent only, is dismissed, and the Receiver is directed to release said property, together with all personal property located thereon from his custody and control as such receiver, and the right of possession thereto shall revert to and vest in the various owners of said property as their interest might appear, and said owners of said property shall be entitled to receive any and all oil taken from said land, now in storage in the tanks, and all oil and proceeds of oil run from said property since March 31st, 1931, said dismissal being without prejudice to the rights of the various owners of and/or claimants to said property as among themselves or with other parties, and without prejudice to the rights of H. L. Hunt under and by virtue of his said contract with said Ernest R. Tennant as Receiver as of date January 14, 1931, as amended April 18th, 1931, and subject to any outstanding charges for equipment or labor not included in the receiver's accounts and all proper taxes to be paid by the said owners thereof. The order of appointment of the receiver herein and all other orders and decrees heretofore entered in this cause shall not be affected by this order of dismissal but are expressly approved and confirmed."

This judgment also approves the receiver's report relative to the 500-acre tract and discharges the sureties on the receiver's bond "from all liability growing out of or by reason of the possession or handling by the receiver of the above mentioned and described tract of land" (500-acre tract). The sum of $8,250 was decreed to be the compensation due the receiver, his attorneys and the master in chancery chargeable to the 500-acre tract. This sum, together with the pro rata part of the court cost due by said 500-acre tract, was paid by H. L. Hunt at the time the leasehold on the 500 acres was by the trial court released to him and his associates. Nearly one year after this order of dismissal was entered, the 44th District Court of Dallas County entered the following judgment:

"On this the 4th day of April A. D. 1932, the attention of the court being called to the fact that the Master in Chancery heretofore filed a report approving the claim of Richard W. Burrage, which said report has not been acted on by this court;

"It is therefore ordered, adjudged and decreed by the court that Richard W. Burrage, have and recover herein the title to the following described property, in accordance with the report of the Master in Chancery heretofore made: two undivided acres in Syndicate No. 3 comprising the 500-acre Daisy Bradford Tract and described as follows: (Here follows description of the 500-acre tract and another interest not involved in this suit).

"It is further ordered that the title to the above described property be and the same is hereby quieted in the said Richard W. Burrage."

After the judgment of April 18, 1931, dismissing from the receivership in the Adkins case the 500-acre tract, and before the entry of the judgment of April 4, 1932, set out next above, no citation was issued and served on any of the appellees (nor did they waive the issuance and service of citation nor voluntarily appeared) apprising them that the receiver had reacquired control of the 500-acre tract, and of the hearing of the claim asserting an interest therein by Burrage. From this record it clearly appears that the only purpose of the intervention by H. L. Hunt and associates of January 3, 1931, and as amended on April 18, 1931, was to secure the release from the receivership in the Adkins suit of the 500-acre leasehold, on their allegation that they were the sole owners thereof. This they effectively accomplished by the judgment of April 18, 1931, and thereafter were not required to take notice of any further proceeding had in the original Adkins v. Joiner receivership. They and their property were out of that case, and the only method by which the jurisdiction of the 44th District Court could again be exercised over them or their property, more than eleven months after their dismissal therefrom, was by the service of process on them, by waiver of the issuance and service of process, or by a voluntary appearance. Sowell v. Jones, Tex.Sup., 4 S.W. 620; Watts v. Overstreet, 78 Tex. 571, 14 S.W. 704; Turman v. Turman, Tex.Civ.App., 46 S.W.2d 447, same case on motion for rehearing after answer by Supreme Court to certified question, Tex.Civ.App., 71 S.W. 2d 898. There is no contention in this record that any of appellees were served with process after the order dismissing Hunt and associates and the 500-acre leasehold from the Adkins suit on April 18, 1931, and before the entry of the judgment awarding

the appellants two undivided acres interest in the 500-acre leasehold on April 4, 1932. The judgment of April 4, 1932, does not recite service upon appellees or any one else. "Therefore we must look to the entire record, and, if that shows a failure to observe the law in a material point [respecting service of process], the judgment must be held to be void." Hopkins v. Cain, 105 Tex. 591, 143 S.W. 1145, 1147, and cases there cited. When we look, then, to the record in the Adkins case, we find the affirmative act of the 44th District Court recorded in the judgment of April 18, 1931, dismissing Hunt and associates and their 500-acre leasehold from that case, and payment by Hunt of the proportionate part of the expenses of the receivership and court costs chargeable to the 500-acre leasehold, thus conclusively showing that the judgment of April 4, 1932, awarding to appellant Burrage two undivided acres of the 500-acre leasehold, was without service of citation on H. L. Hunt or any of his associates, or waiver and acceptance of service by them, or appearance by them. Said judgment is, therefore, a nullity. Levy v. Roper, 113 Tex. 356, 256 S.W. 251. See also Green v. Green, Tex.Com.App., 288 S.W. 406; Duncan v. Marlin Motor Co., Tex.Civ.App., 41 S.W.2d 740, writ refused; Arcadia Refining Co. v. Mrs. Alice Cook, Gdn., 146 S.W.2d 767, opinion by this court.

It must be remembered also that the intervention of Burrage made no reference to either Hunt or the 500-acre tract of land, or to any tract of land, and at the time Burrage filed his intervention and on the date of the dismissal of Hunt and his associates and the 500-acre leasehold from the Adkins case, the receiver in that case had in his possession several other oil and gas leaseholds belonging to Joiner, trustee.

Appellants, however, make the contention that appellees are precluded from attacking in this suit the judgment of April 4, 1932, under the doctrine of res adjudicata. On May 25, 1932, H. L. Hunt filed a bill of review in the 44th District Court of Dallas County to set aside the judgment of April 4, 1932, "and alleged (according to the late Chief Justice Jones of the Fifth Court of Civil Appeals in the case of Hunt v. Burrage, 84 S.W.2d 1098, 1099) what appears on the face of the allegation to be good ground for setting said judgment aside." That case was tried and judgment rendered by the 44th District Court on June 10, 1933, refusing to set aside the judgment of April

4, 1932. Hunt appealed from that judgment. Motion was made on that appeal by appellee Richard W. Burrage, appellant here, to dismiss the appeal "because of a total want of any interest of Hunt in the subject-matter of the judgment." Hunt v. Burrage, supra. It was shown that prior to the filing of the bill of review, Hunt, individually and as trustee, had conveyed all interest held by him in the 500-acre leasehold to the Hunt Production Company, a corporation. In discussing H. L. Hunt's interest in the subject-matter in that suit, both in the trial court and in the court of civil appeals, the late Chief Justice Jones in Hunt v. Burrage, supra, held:

"After the organization of the corporation and appellant's election as its president, and the selection of appellant and the other two stockholders as the board of directors, the motion to set aside the judgment was filed by appellant May 25, 1932. When it was developed on the hearing of this motion that appellant, individually and as trustee, at the time the motion to set aside the judgment was filed, had no interest in the subject-matter of the judgment, the court entered an order, overruling the motion and refusing to set aside the judgment. Manifestly, this was the only order that could have been entered. Johnson v. Johnson (Tex.Civ.App.) 191 S.W. 366; Royal Neighbors of America v. Fletcher (Tex.Civ.App.) 230 S.W. 476. The court could not decree any interest in the said land to the corporation, because it was not a party to the motion and not before the court, even if the judgment of April 4, 1932, was set aside; nor could the court decree the title to the tract of land in appellant, because the undisputed evidence showed that he owned no interest therein.

"Has appellant the right to have the order of the court, refusing to set aside the judgment of April 4, 1932, reviewed by this court? We think not. * * *

"It necessarily follows that, in our opinion, appellant was affirmatively shown to have no interest, either individually or as trustee, in the subject-matter of the judgment appealed from, and hence cannot prosecute this appeal, and that the appeal attempted to be prosecuted by him should be dismissed, and it is so ordered. We do not pass on any of the other issues raised on this appeal."

Whether we agree with the conclusion set out above is of no consequence here. It is clear from that opinion that

neither the Dallas Court of Civil Appeals nor the 44th District Court of Dallas County passed upon the merits of Hunt's bill of review attacking the validity of the judgment of April 4, 1932. Nor do we think the Dallas Court of Civil Appeals or the 44th District Court of Dallas County passed upon the merits of Hunt's bill of review in the case of Hunt Production Co. v. Burrage, 104 S.W.2d 84, in granting a temporary injunction against H. L. Hunt restraining the prosecution by him of a trespass to try title suit in Rusk County against Burrage involving the title to the undivided two-acres interest in the 500-acre leasehold. There was no attempt thereafter to make this injunction permanent. We think it pertinent here to quote from the conclusion of law filed by the able trial judge in this case as follows: "The legal effect of the final judgment and decree of the 44th District Court, that is, the last judgment and decree of that court made in this case whereby it sustained pleas of privilege of defendants and ordered that case transferred to this court in Smith County, on January 25, 1937, and the affirmance of that judgment by the Dallas Court of Civil Appeals, seems to be that the trial court and the appellate court both thereby reversed all of its former orders and decrees as to the case now here; since, if there was a valid judgment in favor of Burrage in that court, it could not lawfully send it to Smith County to be enforced but would enforce its own judgment, if, in reality, this suit is, as claimed by plaintiffs, a motion to enforce said judgment and is not a new cause of action."

In our opinion, this is the first time the validity of the judgment of April 4, 1932, has been squarely before the trial and appellate courts for review. From a careful examination of the entire record herein, we conclude that the judgment of April 4, 1932, is void for the reason that it was rendered by the 44th District Court of Dallas County when that court was without jurisdiction of either the property or persons affected thereby, as is affirmatively reflected by the record in the Adkins case in which said judgment was rendered. This being true, it may be collaterally attacked by any party at any time it adversely affects his interest. Roller v. Ried, 87 Tex. 69, 26 S.W. 1060; State Mortgage Corp'n v. Traylor, 120 Tex. 148, 36 S.W.2d 440, and cases there cited.

Appellants' title to the undivided two acres in the 500-acre leasehold rests entirely upon the judgment of April 4, 1932. And since that judgment is void, their title to the two undivided acres in the 500-acre tract based thereon has failed, and the judgment of the court below is correct. The conclusions reached by us as expressed above render a discussion of the other assignments and propositions brought forward unnecessary.

The judgment of the court below is therefore in all things affirmed.