**HUNT et al. v. BURRAGE et al.**

No. 6003.

Court of Civil Appeals of Texas.
Texarkana.

May 14, 1942.

Rehearing Denied May 21, 1942.

· Ralph B. Shank, of Dallas, and L. L. James, of Tyler, for relators.

J. Lee Zumwalt and John W. Pope, both of Dallas, for respondents.

WILLIAMS, Justice.

Relators, Hunt Oil Company, H. L. Hunt, individually and as Trustee of Hunt Production Company, seek a writ of prohibition to restrain Mrs. Annie Burrage et vir. and their attorneys from prosecuting their action filed February 26, 1942, in the 44th District Court of Dallas County, styled Mrs. Annie Burrage et vir. v. H. L. Hunt et al., No. 89814–B on the docket of said court.

This relief sought is predicated upon relators' contentions that the issues raised by respondents in the action filed February 26, 1942, were litigated adversely to the latter in a prior suit heard in the Special District Court of Smith County; that the judgment entered in the latter court was affirmed by this Court of Civil Appeals, reported in Burrage et ux. v. Hunt et al., 147 S.W.2d 532; and that application for writ of error to the Supreme Court having been denied, "correct judgment," the judgment so entered has become final.

The litigants, respondents and relators, are the same here as in the prior suit, except Hunt Oil Company, a successor in title. In the action filed February 26, 1942, as in the prior suit, respondents predicated recovery upon their claim to the same alleged two acres syndicate interest and the oil produced therefrom by virtue of the report of the Master of Chancery and the order entered thereon, dated April 4, 1932, all of which are discussed in above-mentioned reported case. An examination of respondents' petition in said action filed February 26, 1942, shows on its face, and is admitted by attorneys for respondents in oral arguments before this Court, to be an effort to relitigate the same cause and issues by the same parties which were heard and determined in the cause tried in the Special District Court of Smith County. It is respondents' contention that the judgment of the Smith County District Court and of this Court of Civil Appeals affirming same, and the order of the Supreme Court approving same as a "correct judgment" upon dismissing application for writ of error, are each void. This same contention to the jurisdiction of the Special District Court of Smith County was presented in that trial and assigned as error on appeal, as will appear in Burrage v. Hunt, supra, and decided adversely to respondents' contentions. That judgment has now become final. See also Burrage v. Hunt Production Co., Tex.Civ. App., 114 S.W.2d 1228, writ dismissed where this jurisdictional issue was also raised in the Dallas County District Court.

■■ The question of title to the land was placed squarely in issue in the trial had in the Smith County District Court. Relators there, as they had for years prior thereto, challenged the validity of the Master in Chancery's report and order entered thereon of April 4, 1932. Relators, there, by pleading and proof contested the validity of such report and order. Respondents

were there accorded a full and complete hearing upon such report and their right or claim to obtain judgment for the two acres syndicate interest based upon the report and order. A hearing on the allegations in the instant action would involve the retrial of above issues involved in the former suit. And under such conditions, this former suit and judgment is res adjudicata not only as to every matter which was "offered and received to sustain or defeat the claim" of plaintiffs in said suit (respondents herein), but is also res adjudicata of any and all "other admissible matters" which could properly have been pleaded or proved for that purpose. "Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res adjudicata would be endless." 26 T.J., 119 Sec. 412; Id., 114, Sec. 409; 30 Am.Jur. p. 910, Sec. 165; p. 923, Sec. 179; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242.

It is therefore ordered and decreed that the respondents be, and they are hereby, prohibited and enjoined from further prosecuting the action filed in the 44th Judicial District Court of Dallas County.